JOHN J. FOX *vs.* WALTER L. CLARKE, City Treasurer.

PROVIDENCE—DECEMBER 21, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Highways. Duty of City to Keep in Repair. Bicycles. Vehicles.*

Gen. Laws cap. 72, § 1, and cap. 36, § 15, imposing upon towns the duty to keep highways in repair "so that the same may be safe and convenient for travelers with their teams, carts, and carriages," refers only to ordinary carts and carriages as these terms have long been understood, and not to bicycles.

(2) *Bicycles. Rights on Highways.*

A bicycle rider may recover, as any other traveler can, for a breach of statutory duty whereby he is injured; but he cannot recover for a defect which would not have caused injury to an ordinary traveler.

TRESPASS ON THE CASE for negligence, for personal injuries. Heard on defendant's petition for new trial, and petition granted.

STINESS, C. J. The plaintiff brings this suit against the city of Providence, for breach of its duty in suffering and per-

mitting Francis street to become unsafe and dangerous for travelers. The plaintiff was riding a bicycle, and he alleges that he rode into a hole or depression which had been worn in the traveled part of the street, so that he was thrown from his bicycle and injured.

The defendant made two requests for instruction to the jury.

1. The plaintiff cannot recover, because a bicycle is not a team, cart, or carriage within the meaning of section 1 of chapter 72 of the General Laws, or of section 15 of chapter 36 of the General Laws.

2. If the street was safe for travel of ordinary kinds of vehicles, the city is not liable for an accident suffered by a person riding a bicycle on the street.

The first statute referred to imposes upon towns the duty to keep highways in repair, " so that the same may be safe and convenient for travelers with their teams, carts, and carriages;" and the second statute gives an action for breach of such duty.

These provisions have been in force for many years, and the real question is whether they are so elastic as to adapt themselves to all newly invented methods of conveyance.

(1)     As the duty imposed is purely statutory, it is not to be extended unless such extension is made necessary by a reasonable construction of the statute. As it stands, it requires highways to be safe and convenient for " travelers with their teams, carts, and carriages."

Bicycles were not in common use, if not unknown, when the statute was adopted, and evidently they were not intended to be included within its scope.

Since bicycles came into common use there have been revisions of the statute, but they have not been included.

In *State* v. *Collins*, 16 R. I. 371, it was held that a bicycle was a vehicle, within the meaning of a statute requiring one traveling on a highway, with "any carriage or other vehicle," to turn to the right.

Two things are to be noted in regard to that decision: first, that the words " any carriage or other vehicle" are somewhat broader than the words in the statute relating to highways; and, second, that they were reasonably within the intent of the

statute requiring all vehicles to turn to the right to avoid collision, which might happen as well from a bicycle as from any other vehicle. In such case a bicycle may well be held to be a vehicle; but to hold that it is a carriage, with reference to the duty of keeping a highway safe and convenient for its passage, is quite another question.

It appears from the statutes that, although bicycles have been the subject of legislative action, no change has been made to broaden the scope of the statutes in question. In May, 1896, Pub. Laws cap. 345, bicycles were declared to be personal baggage, within the meaning of the law requiring railroad corporations to carry personal baggage. Clearly this gives no force to the claim that it is a carriage within the meaning of the highway statutes.

A more significant act, however, is found in Pub. Laws cap. 757, January, 1900, which provides specially for a commission of cyclists for the construction of side-paths, to be "separated and distinguished from the main traveled part" of the highway, and to be for the exclusive use of licensed cyclists.

The adoption of such an act shows plainly that a highway was not intended to be maintained in such a manner as to include a bicycle within the requirement that it should be safe for carts and carriages.

The reason for this is strongly stated in *Richardson* v. *Danvers*, 176 Mass. 413. The court there admits that a bicycle may be considered a vehicle or carriage, so far as lawful use on a highway, conforming to the law of the road, furious driving, riding on sidwalk, *etc.*, are concerned, although it holds it to be a mere machine.

The opinion then goes on to say that, in view of its use in wet weather, on frozen ground, and easy puncturing of its tire by a sharp stone, a bit of glass or coal, a hard rut or a tack, it would impose an intolerable burden on towns to hold them bound to keep their roads in such a state of repair and smoothness that a bicycle could go over them with assured safety.

We concur with the reasoning in this last case, and it is fully sustained by the following cases: *Leslie* v. *City of Grand Rapids*, 120 Mich. 28; *Sutphen* v. *Town of North*

*Hempstead*, 87 N. Y. Sup. Ct. (80 Hun.) 409; *Wheeler* v. *City of Boone*, 108 Iowa, 238; *Gagnier* v. *City of Fargo*, 88 N. W. Rep. (N. D.) 1030.

We are therefore of opinion that the statutes do not impose a duty upon towns or cities to keep their highways safe and convenient for bicycles, but only for ordinary carts and carriages as these terms have long been understood.

The only case cited by the plaintiff, to which we need refer, is that of *Holland* v. *Bartch*, 120 Ind. 46, which was an action for damages because the defendant rode a bicycle, in the middle of the street, up towards and about twenty-five feet from the plaintiff's horses, by which they were frightened and ran away. The case simply holds that the rider of the wheel had a right to be upon the highway, and that he did nothing to infringe upon the plaintiff's rights.

Applying our construction of the statutes to the requests excepted to, we think that the first was properly refused. It implies that the plaintiff could not recover because he was on a bicycle. One has a right to ride on a highway, and such a statement would exclude a bicycle rider from recovery at all, although the fact that he was on a bicycle may not have been the proximate cause of the accident. Many conditions can be supposed where injury would follow to a traveler from passing over a highway, whether he was in a carriage, on a wheel, or on foot. For example, suppose there was a large unguarded hole, into which any traveler in the dark would be plunged; the fact that one was on a wheel would not bar his right to recover. A bicycle rider may recover, as any other traveler can, for a breach of statutory duty whereby he is injured; but he cannot recover for a defect which would not have caused injury to an ordinary traveler.

The test is whether the highway is safe and convenient for "travelers, with their teams, carts, and carriages," under the construction here given; which means ordinary travel other than on a bicycle.

In this view the second request should have been granted. A town is bound to keep its highways safe for ordinary kinds

of vehicles, as intended by the statute, but not in the extraordinary condition which is required for safe riding on a wheel.

The refusal of the instruction was likely to mislead the jury.

We express no opinion on the question of the verdict against the evidence, as a new trial must be granted.

*John W. Hogan and Philip S. Knauer,* for plaintiff.
*Francis Colwell and Albert A. Baker,* for defendant.