## CRAVEN P. PEARSON vs. SARAH HELEN LAKIN.

*Negligence in Driving Automobile—Injury to Passenger—Evidence.*

One riding in an automobile as the owner's guest *held* entitled to recover against such owner, he having approached an intersecting road, where his view was obstructed, without sounding his horn, and with his attention fixed upon certain persons because they were standing in the rain, and he having failed, after colliding with another car on the other road, to stop his car, which veered and then plunged over an embankment.   p. 4

That both plaintiff and defendant, in an action for injuries received in an automobile accident, expressed the opinion that defendant was at the time driving slowly and carefully, was not controlling on the jury, if the evidence supported the inference of a greater rate of speed and of negligence on defendant's part.   p. 4

One injured while riding in an automobile owned and driven by another *held* not guilty of contributory negligence, the injury resulting from a collision at the intersection of two roads, as a result of the driver's momentary inattention, and the person injured having no opportunity to influence or control the situation so as to make for safety.   p. 5

*Decided January 14th, 1925.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

Action by Sarah Helen Lakin against Craven P. Pearson and Joseph M. Lyons. From a judgment for plaintiff, defendant Pearson appeals. *Affirmed.*

The cause was argued before PATTISON, ADKINS, OFFUTT, DIGGES, BOND, and PARKE, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*Herbert L. Grymes,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The appellant's automobile and that of Joseph M. Lyons collided, and Helen Lakin, the appellee, was injured, and brought an action against both owners, and recovered against Joseph M. Lyons by default and against the appellant after trial. At the close of appellee's case, the appellant offered two prayers, and, on their rejection, submitted no testimony. The first prayer was a demurrer to the legal sufficiency of the proof on the part of the appellee, and the second prayer sought to withdraw the case from the jury by an instruction asserting that the appellee was precluded from recovering by her own contributory negligence. There is no other question on this record than the errors assigned in the rejection of these two prayers.

1. The scene of this automobile accident was at the intersection of Park Heights Avenue and the Seven Mile Lane. The view of Park Heights Avenue to the south of the intersection was obstructed by a clump of trees at the southwest corner. On the oposite southeast corner, built east of the tracks and not affording any obstruction to the view of the parties approaching from the west, was a small passenger station. The double tracks of the railway were laid on the extreme eastern edge of the avenue, which ran north and south. The roadbed of the avenue was quite wide at this intersection, and rose by a slight grade to cross the railway tracks with a smooth surface. On either side of the railway crossing, the surface of the railway right of way was made rough by the construction of the double track.

The appellee was riding as the guest of her employer in a five-passenger Studebaker touring automobile, which was being driven by him eastwardly along the Seven Mile Lane. She was sitting on the right side of the front seat, and the appellant was on the left, and there was no one else in the automobile.    The accident occurred about three o'clock in the afternoon of April 28th, and it was raining hard, and just before the accident happened the appellant said to the appellee that he was going about fifteen or seventeen miles an hour.

The only witness who testified in reference to the collision was the appellee, her testimony tending to prove that, as they approached Park Heights Avenue, their view of north-bound travel on the avenue was obstructed by the trees, and that they saw two women standing in the rain, under an umbrella, on the southwest corner of the avenue, and that, while looking at them, the appellant remarked to her, "I wonder why those two ladies don't go across the street to the little station."    By the time he had said this, his automobile, without the sounding of its horn, had crossed the avenue to a point near the first car track, and was there struck by a Ford touring car going north on the avenue.    The attention of the appellant and of the appellee had been diverted by the two women in the rain, and their view had been obstructed by the trees, and the appellee's testimony was that she did not see the on-coming automobile until it came unexpectedly upon them from their right, striking the right front wheel of appellant's automobile, locking wheels for an instant, turning in the direction of their travel so as to be along the side for a second, when, becoming disengaged, appellant's automobile went to the left across the traveled surface of the avenue and, under its own power and the control of the appellant, zigzagged its way over the rough tracks and roadbed of the railway and then plunged down a steep embankment, next to the tracks, pinning the appellee to the ground below with its right running board.    The appellee was jarred, but not hurt, by the impact of the two automo-

biles. Her injuries were sustained by the fall of the automobile over the embankment.

It would seem unquestionable that this evidence was sufficient to carry the case to the jury. The testimony supported the conclusion that the appellant, during a hard rain, with his view obstructed, failed to give warning of his approach by sounding his horn, and suffered his attention to be drawn to two pedestrians, who were not the objects of any care on his part, when he should have been watching for approaching travel on his right (Code, art. 56, sec. 163), with the result that either he did not look to see the automobile until it struck his own, or he ignored its coming. This collision did not injure the appellee, nor did it upset appellant's automobile, which veered to the left as a result of the impact, but proceeded under its own power and his control across Park Heights Avenue and the rough surface of the double railway tracks, and then over the embankment to the fall, which was what hurt the appellee. The jury could reasonably conclude, under all the circumstances, that the failure of the appellant to stop his automobile in the intervening space between the point of collision and the plunge over the embankment was attributable either to the momentum of excessive speed, or to a failure to exercise reasonable care in stopping a slowly moving automobile under his control.

While it is true that there is some conflict in the narrative of the appellee on the witness stand, and that, in a signed but unsworn statement after the accident, she said that the appellant was driving very slowly, about fifteen miles an hour, and that he had handled his automobile very carefully, yet the inconsistency and credibility of her testimony were for the jury, and her opinion and his are not controlling, if the evidence supported the inference of a greater rate of speed and of appellant's negligence in the operation of his automobile. It follows that the lower court committed no error in rejecting the first prayer. *Fitzjarrell* v. *Boyd*, 123 Md. 497, 504-505.

2. The second prayer, asking an instruction that the appellee could not recover on the ground of contributory negligence, was properly refused.

Nothing had taken place before the accident to indicate to the appellee that the appellant was not a careful and a competent driver of his automobile and that he would not continue prudently to operate it. She had no cause, and was not bound, to anticipate that the appellant, who was looking at the two women, would throw caution to the winds and would not cast his glance beyond them to the right and see, so as to avoid any peril from that direction. The appellant called her attention to the two women under the umbrella, and as his sentence was completed, the accident befell them. The arrival at the intersection, the crossing of the avenue, and the meeting of the two automobiles were almost simultaneous. There is no circumstance in the present case from which it could be found that the appellee had an opportunity to influence or control the situation so as to make for safety.

The instant case is governed by *Kelly* v. *Huber Baking Co.,* 145 Md. 321, 336-339. See *Lewis* v. *Balto. & O. R. R. Co.,* 38 Md. 599, 600. It is not within the application of the rule in *State* v. *Phillinger,* 142 Md. 365, 373, and *Levine* v. *Abramson,* 142 Md. 222, 224-225, 228-229, where the negligence of the host in each appeal was obvious, known and acquiesced in by the guest without protest, warning, or other effort to protect himself from its consequences. In those cases there was evidence of the guest's participation in the driver's patent negligence, and so an assumption of its risks.

Finding no cause for reversal, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*