## Charles McWright *vs.* Providence Telephone Company.

### FEBRUARY 2, 1926.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Negligence.   Violation of Statute.   Proximate Cause.*

Violation of a statute setting forth the rules of the road is not in this State negligence *per se;* it is only *prima facie* evidence of negligence. Even if a violation of statute be found to constitute negligence, it does not bar plaintiff's recovery unless it was the proximate or a concurring cause of the accident.

*(2)   Automobiles.   Negligence.   Statutes.   Approaching Intersecting Streets.
"Slow Down."   Control of Car.*

Defendant was driving its automobile along a highway at statutory speed. Plaintiff's car was following defendant twenty feet in the rear at same speed and at extreme right of the road. As the cars approached an intersecting street, plaintiff desiring to pass defendant's car sounded his horn and speeded up to pass to the left, leaving a clearance of four to six feet. Defendant did not acknowledge plaintiff's signal and claimed he did not

know plaintiff was there.   At about the time of plaintiff's signal, defendant slowed down and after reaching the right of the center of the intersecting streets, turned suddenly and sharply to the left to enter intersecting street. The evidence was conflicting as to whether defendant gave a hand signal. A collision resulted, plaintiff lost control of car temporarily, and upon regaining control swung to left to enter intersecting street, but to avoid injury to a person on crosswalk ran his car along until he struck a pole. At the time of the accident the statute required a driver of an automobile on approaching the crossing of intersecting public highways to have his car under control and reduce its speed to a reasonable and proper rate.   Another paragraph required the driver to "slow down" and give a "timely signal":—

*Held*, that the fact that plaintiff did not slow down was not necessarily a violation of the statute, but the expression was meant to apply only to cases in which due care on approaching intersecting streets required a lesser rate than that at which the car had been proceeding, and the facts in present case could not be said as matter of law to show that plaintiff was approaching the intersection at a rate of speed beyond that of a prudent and reasonable driver:—

*Held*, further, that whether failure to slow down violated the statute was a fact for the jury to consider in determining whether plaintiff was negligent.

(*3*)   *Automobiles.   Control of Car.*

*Held*, further, that if plaintiff's loss of control was the result of the collision and his effort to avoid the person on the crosswalk was the exercise of his best judgment in the emergency, then defendant's negligent act might be the proximate cause of his striking the pole.

(*4*)   *Automobiles.   Negligence.   Car under Control.*

The ability to stop a car quickly and easily is not an all inclusive test as to whether a car is under control.   If a driver is driving his car in such a manner that he could avoid dangers reasonably to be anticipated, a jury might correctly find he had the car under control.   In instant case it was a question of fact for the jury and the happenings after the impact were entitled to consideration.

(*5*)   *Automobiles.   Prima Facie Negligence.   Concurring Cause.*

The fact that plaintiff in passing defendant's car violated statutory speed furnished *prima facie* evidence of negligence, but to bar his action as a matter of law it must be clear that such negligence was a concurring cause of the accident.

(*6*)   *Automobiles.   Passing Car.   Signal.*

The driver of a car in rear of another car may properly assume that the driver of the car in front of him will recognize his right to pass after he has given a signal to that effect.

(*7*)   *Automobiles.   Passing Car.   Negligence.*

The fact that a driver of a car is in the lead of another car and traveling at the maximum statutory rate, does not give him the right to assume that no one will pass him.

*(8)   Automobiles.   Negligence.*

If a driver of a car suddenly turned to the left without warning and without regard to conditions of travel following him, he alone might have been responsible for the resulting accident.

*(9)   Automobiles.   Passing Car.   Clearance.   Question of Fact.*

Where the driver of a car was following another car 20 feet in the rear both cars running at the maximum speed rate, and following car attempted to pass the other leaving a clearance of from three to six feet on a sixty foot highway, and collided with front car when it suddenly turned to left and driver of following car admitted he was not expecting that front car would turn into intersecting street and did not put on his brakes, the fact of the negligence of rear car was not so clear or so proximate a cause of the collision as to warrant the court in taking case from the jury.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and sustained.

BARROWS, J.   This is an action on the case for negligence.   It is before us on exception of plaintiff to direction of a verdict for defendant because of plaintiff's contributory negligence.

On November 12, 1920, shortly after five p. m., when daylight was fading, defendant's Ford truck with an extension ladder on the left side was proceeding northerly on the extreme right of Broad street, a 60-foot thoroughfare in Providence, at a speed of twelve to fifteen miles per hour. The latter was the maximum speed then authorized by statute.   Defendant's car was approaching Detroit avenue which from the west intersects, but does not cross, Broad street.   Twenty feet behind defendant's · car, plaintiff's automobile was following at the same rate of speed and at the extreme right of the road.   The streets were dry and no other traffic near.   As the cars approached the intersection of Broad street and Detroit avenue, plaintiff decided to pass defendant's car, sounded his horn and speeded up to pass to the left, leaving a clearance of four to six feet. Defendant's driver did nothing intentionally to acknowledge plaintiff's signal and says he did not hear it or know that plaintiff was there.   At about the time of plaintiff's passing signal defendant's car slowed down to seven miles per hour and after reaching the right of the center of the intersection

of Broad street and Detroit avenue its driver turned suddenly and sharply to the left to enter Detroit avenue. The evidence conflicts on whether a hand was held out. The right front mudguard of plaintiff's car came in contact with the left front wheel of defendant's car almost in the center of Broad street. Plaintiff admits that he did not try to stop and that he applied no brake just before or just after the collision. Plaintiff was thrown off his seat and his steering wheel turned so that he temporarily lost control of his car. Regaining his seat plaintiff swung to the left to enter Detroit avenue, as he had room to do, saw a woman on the crosswalk and in an effort to avoid hitting her, ran about thirty feet until his left front mudguard struck a pole on the sidewalk at the northwesterly corner of Detroit avenue and Broad street. Meantime, defendant's driver, turning first right and then left, came to a stop ninety feet farther along the westerly side of Broad street.

On this evidence the trial court, conceding that defendant's negligence was a proper question for the jury, ruled that this plaintiff's attempt to pass defendant's car at the intersecting street and his speeding up to do so constituted negligence "*per se*" and directed a verdict for defendant.

At the time of the accident Public Laws 1916, Chapter 1354, Sec. 18, required a driver of an automobile on approaching the "crossing of intersecting public highways" to have his car "under control" and "reduce its speed to a reasonable and proper rate". Another paragraph required the driver to "slow down" and give "a timely signal". No statute or common law forbade an overtaking car from passing another at an intersecting street.

Defendant supports the trial court's view by urging that the evidence clearly shows that the plaintiff instead of "slowing down," speeded up; that he was traveling faster than fifteen miles per hour; that the happenings immediately following the collision show that plaintiff did not have his car "under control" on approaching the intersecting streets and that these violations of the statute

together with the small clearance between the cars while plaintiff was attempting to pass were unquestionably the proximate causes of the accident.

(1) Violation of a statute setting forth the rules of the road is not in Rhode Island negligence *per se.* It is only *prima facie* evidence of negligence; *Oates* v. *Union Railroad Co.,* 27 R. I. 499; *Coughlin* v. *Rhode Island Co.,* 44 R. I. 64; even if a violation of statute be found to constitute negligence, it does not bar plaintiff's recovery unless it was the proximate or a concurring cause of the accident; *Marquis* v. *Messier,* 39 R. I. 563; overtaking and passing a car at any time calls for the exercise of caution and the passing car is bound to see that the situation is one where an ordinarily prudent person would think it safe to pass; *Crystal Springs Co.* v. *Cornell,* 44 R. I. 114; a verdict should not be directed for defendant if upon any reasonable view of the evidence the jury could find for plaintiff; *Baynes* v. *Billings,* 30 R. I. 53; *Reddington* v. *Getchell,* 40 R. I. 463; for purposes of this record defendant admits that it might have been found negligent by a jury.

(2) Plaintiff failed to "slow down". We do not, however, think this was necessarily a violation of the statute. The purpose of the rules of the road is to permit safe use by travelers and provide means whereby their intentions may be made known to each other. It is obvious that slowing down at times may do neither. Our statute in using the expression "slow down" clearly has in mind a driver who is approaching an intersecting street at greater than a reasonable or proper rate of speed at which to cross. The corresponding language in the first paragraph of the section is "reduce his speed to a reasonable proper rate". To literally apply the "slow down" requirement to all cases where a driver approaches an intersecting street would give the words a scope so broad that the purpose of the statute often would be defeated. In some cases "slowing down" would produce the dangerous situation which the statute seeks to avoid. Instances often occur where the exercise

of due care at intersecting streets requires speeding up as in overtaking and passing a car or avoiding a car coming at right angles.   At times, also, a car may be going at so slow a rate on approaching an intersection that slackening of speed would be inexpedient and perhaps even a source of danger to other travelers.   We can not hold that every driver approaching intersecting streets violates the statute by failure to actually lessen his speed and is therefore *prima facie* guilty of negligence.   "Slow down" is meant to apply only to cases in which due care on approaching intersecting streets requires a lesser rate than that at which the car has been proceeding.   Unless a lesser rate be necessary in the exercise of due care the statute does not require an actual slowing down.   The facts in the case at bar can not be said as a matter of law to show that plaintiff was approaching the intersection at a rate of speed beyond that of a prudent and reasonable driver.   Whether failure to "slow down" violated the statute was a fact for the jury to consider in determining whether plaintiff was negligent.

Did plaintiff violate the statute by failure to have his car "under control"?   On plaintiff's testimony his loss of control after the cars collided was the result of the collision and his effort to avoid the woman on the crosswalk was the exercise of his best judgment in the emergency.   If true defendant's negligent act might be the proximate cause of striking the pole.   *Randolph* v. *Hunt*, 183 Pacif. 358.   Defendant, however, urges that *before* the cars bumped, plaintiff did not have his car "under control" on approaching the intersection and cites *Lorah* v. *Rinehart*, 243 Pa. 231, in which the test of whether a car is "under control" is stated to be "the ability to stop quickly and easily".   This can not be an all inclusive test for in many cases, instead of stopping, a driver may execute a swift turn into an intersecting street or to one side in a manner to clearly show the best of control.   If in this instance plaintiff as he approached the intersecting streets was driving his car in such a manner that he could avoid dangers reasonably to be anticipated,

we think a jury might say correctly that he had his car under control. The question was one of fact for the jury, *Pearson v. Lakin,* 127 Atl. 387 (Md.), and the happenings immediately after the impact were entitled to consideration, *Lorah v. Rinehart, supra.*

(5) Plaintiff in passing defendant's car admittedly violated the statutory speed limit. This furnished *prima facie* evidence of negligence. It is not plain that a jury would find plaintiff's *prima facie* negligence from violation of the statutory speed limit to be actual negligence under the circumstances nor is it clear that it had any necessary connection with the accident. To bar plaintiff's action as a matter of law it must be clear not only that he was negligent but that his negligence was a concurring cause of the accident. *Kelly v. Huber Baking Co.,* 125 Atl. 782 (Md.).

(6) Plaintiff properly could assume that defendant's driver would recognize plaintiff's right to pass after his signal had been given. Babbitt on Motor Vehicles, 3rd ed. § 505; Huddy on Automobiles, 7th ed. § 440. He might have interpreted defendant's slowing down as a recognition of plaintiff's expressed intention to go by, instead of being caused by defendant's intended left turn, particularly in view of plaintiff's failure to see any hand or other warning signal. Defendant's driver because in the lead and traveling at the maximum statutory rate had not the right to assume

(7) that no one would pass him. Defendant admits it would not be warranted in suddenly turning to the left without warning and without regard to conditions of travel following.

(8) If its driver did so he alone may have been responsible for the accident. Babbitt on Motor Vehicles, 3rd ed. § 507; *Overton v. Bush,* 2 Ala. App. 623, s. c. 56 Southern, 852.

(9) Was three to six feet clearance in attempting to pass sufficient in view of the width of Broad street and traffic conditions and defendant's driver's right to turn left after passing the central point of intersection and the possibility that he might so turn? Plaintiff admitted he was not expecting a left turn and that he did not put on his brakes.

Was plaintiff taking a chance?    It seems to us that plaintiff's negligence was not so clear in any of the respects claimed or so proximate a cause of the collision that the court should have taken the case from the jury.    *Kelly* v. *Huber Baking Co.,* 125 Atl. 782 (Md.);  *Pearson* v. *Lakin, supra.*

Plaintiff's exception is sustained and the case is remitted to the Superior Court for new trial.

*Flynn & Mahoney, James W. Leighton,* for plaintiff.
*Ralph T. Barnefield,* for defendant.

