MARY V. SCHADE *v.* WILLIAM SMITH *et al.*

(No. 8363)

Submitted September 8, 1936. Decided September 15, 1936.

*Ernest A. See,* for plaintiff in error.

*Robinson & Stump* and *J. M. Holt* and *Emory Tyler,* for defendants in error.

WOODS, JUDGE:

This is an action by a guest passenger against her daughter, as driver, and son-in-law, as owner, of a certain Ford V-8 Sedan, to recover damages for injuries due to alleged negligence. After completion of plaintiff's

evidence in chief, a motion to strike was sustained and a verdict directed for the defendants. A motion for a new trial having been subsequently overruled, the plaintiff prosecutes error.

The accident occurred June 16, 1934, in the State of Maryland, some twenty-five miles east of Cumberland, on the National Highway. Plaintiff, together with her daughters, Mrs. Chaffe Brickman and Mrs. Agnes Smith, and granddaughter, Janet Smith, had started to drive from Piedmont, West Virginia, to Hagerstown, Maryland, in two cars maintained by William Smith for the pleasure of his family. Mrs. Brickman accompanied Janet in a Ford Cabriolet Coupe, and Mrs. Schade, plaintiff herein, rode in the front seat of the sedan, with Mrs. Smith.

It appears from the meager facts in the record that the two cars—the coupe leading—were descending a hill, or incline, with a short curve at the bottom; that the coupe, when about half way down, got out of control, and that Janet, after an unsuccessful attempt to shift into second gear, put on the brakes, causing the coupe to skid into the guard rail, on the right of the highway. This impact, according to Mrs. Brickman, "jerked us around and once around again," the coupe coming to rest against the guard rail heretofore mentioned, and facing in the direction from which it came. When Mrs. Schade first noticed the coupe after the same had gotten out of control, it was facing up the grade "leaping and jumping and coming back towards us." Whether or not she saw it on the first or second turn, the evidence does not reveal. However, on seeing the coupe turn around and coming back, witness "just sort of went blind". She further testified that she and Mrs. Smith were "plenty distance back" of Janet's coupe—"more than the width of the road back of them, when we got around her car." While trying to look back of the coupe, this witness thought that the sedan "did something". She looked around to see what Mrs. Smith "was doing at the wheel," and found that the car was going up a steep embank-

ment. The shale against which the front wheels were resting gave way and the sedan fell over into the highway, after which everything was "midnight" to the witness. She could not say whether Mrs. Smith ever checked her speed. Mrs. Brickman testified that the sedan came to rest, on its top, about a car length below where the coupe struck the guard rail.

The declaration charged, among other things, that Mrs. Smith was unsuccessful in attempting to stop, due to defective brakes, and that she negligently drove past the first car which was in difficulty and after having passed same drove up the embankment, etc.

No attempt was made on the trial to show that the sedan was out of repair, or that Mrs. Smith ever attempted to stop the same, as charged. There is no evidence as to the speed of either of the cars. The general condition of the highway does not appear, except that rain was falling, and had been falling since the party left Piedmont. Only Mrs. Brickman and Mrs. Schade testified in regard to the accident.

The accident having occurred in Maryland, the right of recovery must be tested by the laws of that state. *Wood* v. *Shrewsbury,* 117 W. Va. 569, 186 S. E. 294; *Clise* v. *Prunty,* 108 W. Va. 635, 152 S. E. 201. In Maryland, as is the case in most jurisdictions, including our own, *ordinary* care measures the duty owed to a guest passenger. *Fitzjarrel* v. *Boyd,* 123 Md. 497, 91 Atl. 547; *Lavine* v. *Abramson,* 142 Md. 222, 120 Atl. 523; *Pearson* v. *Lakin,* 147 Md. 1, 127 Atl. 387.

Does the evidence show lack of ordinary care on the part of Mrs. Smith? If not, the action of the trial court must be affirmed. Nothing appears indicating that Mrs. Smith's driving prior to the accident had been unsatisfactory to the plaintiff. She had been following Janet's car at a safe distance. From plaintiff's own testimony, Mrs. Smith was suddenly confronted with an uncontrolled car, apparently coming up the road to meet her. That she was confronted with an emergency is evident. Would she apply the brakes, or attempt to pass to the

left, in an attempt to avert a collision? She had to act, and quickly. She cut to the left. And for some unexplained reason, probably the wet condition of the highway, or cutting too wide to avoid the coupe, which was not yet at rest, got off the traveled portion of the highway. Under such circumstances, she will not be held to the exercise of the same degree of care as if she had had time for reflection, since the law recognizes that a prudent person, brought face to face with unexpected danger, may fail to use the best judgment. 3-4 Huddy, Cyc. Auto. Law, 56, sec. 26; *Burhans* v. *Burhans,* 159 Md. 370, 150 Atl. 795. Clearly, the physical cause of the injury and attendant circumstances, heretofore referred to, when considered in the light of ordinary experience, are not such as to indicate that the accident would not have happened if Mrs. Smith had exercised proper care; hence plaintiff may not rely on the doctrine of *res ipsa loquitur* to establish a *prima facie* case of negligence.

In the absence of a showing of failure on the part of Mrs. Smith to exercise ordinary care, we are of opinion that the action of the circuit court should be affirmed.

*Affirmed.*