Michael Nasso *vs.* Leo F. Powers.
Bertina Nasso *vs.* Same.
Cosmo Nasso, *p. a. vs.* Same.
Antoinetta Nasso, *p. a. vs.* Same.
Maria Nasso, *p. a. vs.* Same.
MARCH 12, 1937.
Present: Moss, Capotosto, Baker, and Condon, JJ.

Condon, J. These are actions of trespass on the case for negligence brought by these plaintiffs against this defendant as the result of an automobile accident at the intersection of Smith street and River avenue in the City of Providence. The cases were tried together before a justice of the Superior Court sitting with a jury. The jury returned a verdict in each case for the defendant. Thereupon the plaintiffs duly filed their motions for a new trial in each, and the trial justice, without hearing argument of counsel for the plaintiffs, denied the motion in each case. To this ruling, and to several others made by the trial jus-

tice during the trial, the plaintiffs duly excepted and have brought their bills of exceptions to this court.

The plaintiffs specify five exceptions in their bill but have only argued and briefed here the second, third, fourth and fifth exceptions. The first exception is therefore deemed to be waived.

The plaintiffs' second exception relates to the refusal of the trial justice to grant their third request for instructions as follows: "That the vision easterly up Smith street being clear for several hundred feet from the point where the defendant, Leo F. Powers, was stopped prior to the collision, is evidence of the fact that he did not exercise due care in observing the plaintiffs' car approaching before starting into the intersection." The trial justice did not specifically deny this request but at the conclusion of his charge he further instructed the jury on the issue raised as follows: "The defendant saying that he looked up Smith street and saw nothing, and the Nasso car being on Smith street, indicates that the defendant did not look and was therefore negligent. Well, I will so charge you. If you feel the Nasso car was in sight and the defendant looked up, he can't say he didn't see it. He must have seen what was there. He is bound to see what could be seen, and of course it was his duty to look. It is the duty of all persons to look."

Apparently because the instruction was not couched in the phraseology of the plaintiffs' written request they contend that they were denied the benefit of a charge to which they were entitled. We do not agree with this contention. If anything, the instruction as given by the trial justice was more favorable than that which the plaintiffs requested, and of course it is not necessary that the trial justice charge in the exact language requested. The plaintiffs' second exception must therefore be overruled.

The plaintiffs' third and fourth exceptions may be considered together. They relate respectively to the refusal of the trial justice to grant their sixth and seventh re-

quests to charge as follows: "6. The negligence, if any, of the driver of the Nasso car cannot be imputed to any of the passengers in his automobile. 7. If the defendant, Leo F. Powers, was negligent in any degree, however slight, the passengers in the Nasso car are entitled to recover, even though the driver of the Nasso car be also found negligent."

There can be no question that the plaintiffs, with the exception of the plaintiff Michael Nasso, the driver, were entitled to have the jury instructed substantially as requested in the sixth request, but the seventh request is too broad and was properly denied. It was the duty of the trial justice to make it clear to the jury that the passengers were in no way chargeable with the negligence, if any, of the driver of the car in which they were passengers, and that, notwithstanding such negligence, if the defendant was guilty of negligence which contributed to causing the accident, they were entitled to recover. Did the trial justice discharge this duty? We think he did.

A careful perusal of the charge discloses a definite method adopted by the trial justice to differentiate the case of the plaintiff Michael Nasso, the driver, from that of the passenger plaintiffs as to the elements necessary to be proved to establish the liability of the defendant for damages for the injuries alleged to have been caused by the collision. He first takes the driver's case and observes, at the very outset: "We will first consider the case of Michael Nasso, the driver of the machine." When he has finished he emphasizes that he has been talking to them only as to that case by summarizing what he has said. Thus, in the opening sentence of that summary, he says: "There you have the Michael Nasso case." He then proceeds to discuss the case of Bertina Nasso, who is the wife of Michael and the mother of the three children, who are the other passenger plaintiffs.

In the course of the charge the trial justice, after observing that the same rules applied to her case as to her hus-

band's, said: "She must prove to you by a fair preponderance of the evidence that at the time of this collision she was in the exercise of due care. Not that her husband was, but that she was. *She is not responsible for the negligence of her husband.*" (Italics ours.) Immediately following the conclusion of the charge on the case of Bertina Nasso, he goes on: "Now as to the children", and discusses their cases briefly as to damages, seeming to assume, as it appears to us, that, they, being passengers like their mother, he has already given the jury the rule applicable to their cases. In the very next paragraph this is confirmed by his coupling the wife and children together in these sentences: "The wife can recover for any pain and suffering that she has proved to you if she has satisfied you by a fair preponderance of the testimony that at the time of this collision *she was in the exercise of due care and the defendant was negligent.* And the same with the children." (Italics ours.) From the portion of the charge which we have italicized, it is obvious that the jury was left in no doubt that the passengers need only prove their own due care and that the defendant was negligent. Whether or not the driver of the automobile in which they were passengers was negligent was not an element in their cases and it seems to us that the charge makes this clear.

While the trial justice could have probably avoided the objection which these plaintiffs are now making if he had been more explicit in regard to the children's cases, we think on the whole that the charge as given left the jury in no doubt as to the proper rule governing the cases of all the passengers, and that the wife and children were not responsible for the negligence of the driver of the automobile in which they were merely passengers.

Plaintiff Michael Nasso clearly was not entitled to the instruction as framed in his seventh request above quoted. In so far as that request states that the passengers would be entitled to recover for any negligence of the defendant which contributed to the cause of the collision even though

the driver plaintiff was also negligent, it is a correct statement of the law and is substantially contained in the charge of the trial justice as we have above indicated. Plaintiffs' third and fourth exceptions must therefore be overruled.

Plaintiffs' fifth exception relates to the denial by the trial justice of their motions for new trials. On the consideration of such a motion, the trial justice is charged with the duty of reviewing the evidence and determining whether there is any reasonable basis on which the jury's verdict may be supported. In performing this duty he is at liberty to weigh the evidence and pass upon the credibility of the witnesses.

In this case the question of the credibility of the parties, Michael Nasso and Bertina Nasso, both of whom testified, is of vital import in weighing the testimony. The trial justice, in his rescript, has passed upon the credibility of these plaintiffs and, to put it mildly, indicated an utter lack of confidence in them. In our perusal of the transcript we were likewise adversely impressed toward them in this regard. Without saying more, we think that in view of this impression and in view of the superior opportunity which the trial justice and the jury had to see these parties on the witness stand and hear them testify, no discussion of the conflicting testimony on our part would be of any value. In any event, if any harm was done to the plaintiffs by this action, it has been corrected by the full argument which they have made here and by our consideration of the points raised by them. We may observe here that none of the other three plaintiffs testified at the trial, although Antoinetta Nasso was eleven years of age and Maria Nasso was fifteen years of age at the time of the accident. The jury did not see either of these two plaintiffs or the plaintiff Cosmo Nasso. There was practically no evidence connecting Cosmo with any injuries resulting from the accident and such evidence as there was as to Maria and Antoinetta was of the sketchiest, and hardly

sufficient to justify a verdict, if rendered in favor of either of them. After a careful review of the evidence we are unable to say that the cases of these plaintiffs are entitled to any more favorable consideration than those of Michael and Bertina Nasso. Such evidence as there is connecting them with the accident comes from some very slight medical testimony and from their father and mother, whose testimony is in part affected with grave doubt as to its veracity. The plaintiffs' fifth exception, for the reasons given, must also be overruled.

We think that on a view of all the evidence the ruling of the trial justice was not erroneous and that his refusal to hear plaintiffs' argument on the motion for a new trial in each case did not prejudice any of them.

All of the plaintiffs' exceptions are overruled, and the cases are remitted to the Superior Court for the entry of judgment on the verdict in each case.

*David G. Geffner, Michael A. Monti,* for plaintiffs.
*Fergus J. McOsker,* for defendant.