## ROY G. DYER *vs.* BARKER-CHADSEY COMPANY.

### NOVEMBER 3, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case for negligence. It was tried before a superior court justice sitting with a jury and resulted in a verdict for the defendant. The plaintiff's motion for a new trial was granted by the trial justice, and the case is before us on the defendant's bill of exceptions to the granting of such motion and to the denial of its motion for a directed verdict.

The record indicates that on February 11, 1959 at about 3:45 p. m. the plaintiff, while operating a bus, was involved in a motor vehicle accident with an oncoming truck owned by defendant and operated by its servant Thomas H. Kelley. The accident occurred on a curve on Atwood avenue in the town of Johnston. The road had become slippery as a result of a recent snow accumulation. Atwood avenue, which is normally a two-lane highway and 24 feet in width, had been undergoing extensive construction and thus the width of the road had been reduced to about 17 feet. The width of the bus was established to be 8½ feet and defendant's truck 7½ feet.

The plaintiff testified that he was proceeding in a northerly direction on Atwood avenue, with the ripped up portion of the road to his right, at a speed of eight to ten miles an hour. He approached a "blind curve" in the road and he maneuvered the bus far enough out to his left to see around the curve. It was then that he first noticed defendant's truck at a distance of 70 feet approaching him from the opposite direction, and that it began to swerve towards him. He immediately pulled the bus several feet to his right, which was as far as it could go, and stopped. Sev-

eral passengers verified that the bus had been pulled to the right and stopped before the impact occurred.

The plaintiff estimated the truck's approaching speed to be about thirty-five miles an hour. He also testified that there was sufficient space for the vehicles to pass safely, but because the truck swerved to plaintiff's right the overhang of the truck's body collided with the left front corner of the bus. He further testified that the defendant's servant made the admission that "he must have hit his brake too hard and the truck went into a swerve and there was nothing he could do about it." This testimony was uncontradicted.

Kelley, the operator of the truck, testified that he was driving in a southerly direction on Atwood avenue at a speed of twenty to twenty-five miles an hour when he approached the curve in the road; that he reduced his speed below twenty miles an hour when he "hit the curve"; that while negotiating it he first saw plaintiff at the approximate distance of 150 feet; and that the bus approached an obstruction in the road, "hesitated," and then circumvented the obstruction and proceeded into the path of the oncoming truck. Due to plaintiff's action Kelley's lane of travel was blocked and he was required immediately to apply his brake on the slippery surface which caused the ensuing skid and collision. The plaintiff denied both the existence of the obstruction on the road and the allegation that he entered the lane of the approaching traffic.

The record also discloses that the bus was not moved after the accident until the police measured the distance between the left rear corner of the bus and the left side of the road, and found that the distance was only 7 feet. It also appears that the truck driver was familiar with the road and its poor condition.

The defendant's first exception is to the denial of its motion for a directed verdict. It is well established that when the trial justice passes upon such a motion he must view

the evidence and any reasonable inference therefrom in a light most favorable to the plaintiff, and if reasonable men could find for the plaintiff then the case must be submitted to the jury. *Power Service Corp.* v. *Pascoag Fire District,* 62 R. I. 167.

The transcript establishes that plaintiff adduced evidence that he was not in the lane of oncoming traffic; that immediately after observing the truck swerve he pulled the bus to his right and stopped it; and that defendant's servant admitted he must have hit the brake too hard. Therefore, we find that defendant's contention for a directed verdict is without merit and its exception is overruled.

The defendant's second exception is to the trial justice's granting of plaintiff's motion for a new trial. It is the trial justice's duty in passing upon a motion for a new trial to exercise his independent judgment in weighing the evidence, which includes passing on the credibility of the witnesses, and to determine whether the jury's verdict is supported by a fair preponderance of the evidence. He is not required to find that the verdict was clearly wrong in order to grant a new trial, but that the jury's verdict was not supported by a fair preponderance of the evidence and failed to do substantial justice between the parties. But if the trial justice in passing upon a motion for a new trial misconceives or overlooks any material evidence, then this court will exercise its independent judgment as to whether the evidence strongly preponderates against the verdict. *Bradley* v. *Brayton,* 61 R. I. 44.

The rescript reveals that he first examined the evidence as to the manner in which the truck driver operated the vehicle both before and during the admitted swerve and found that the driver's actions constituted negligence. He then reviewed evidence which he considered would resolve the question whether plaintiff was free from contributory negligence, but in limiting his consideration of the evidence in this respect he overlooked material evidence which could

have been persuasive with the jury. To show that plaintiff was free from contributory negligence, the evidence would have to establish that his conduct was not the proximate cause of the emergency which required defendant to apply his brake suddenly under precarious conditions, resulting in the truck skidding on the slippery road into the bus.

The record indicates that there was a wealth of evidence relating to plaintiff's conduct before the truck began to swerve. Kelley testified that plaintiff entered the truck's lane of travel in attempting to circumvent an obstruction and was required to apply the brake suddenly under poor road conditions.

The plaintiff's own testimony established that when he first noticed the truck it was 70 feet away from him and coming toward him at a speed of thirty-five miles per hour when he operated his bus into the portion of the highway narrowed by the obstruction. It further established that he was required to pull the bus several feet to the right on the unusually narrow road in an attempt to avoid the collision. Such an admission could conceivably place the bus in the path of defendant's truck at that moment. The passengers substantiated that the bus was pulled noticeably to the right, which on plaintiff's admission was but seconds before the collision.

We are of the opinion that since the trial justice did not pass upon this evidence, which we hold could not be disregarded in rendering a proper determination on the issue of contributory negligence, we are unable to give his decision the weight that it would normally be entitled to. Considering this evidence we cannot say that all of the evidence greatly preponderates against the verdict.

The defendant's exception to the denial of its motion for a directed verdict is denied, its exception to the granting of plaintiff's motion for a new trial is sustained, and on November 10, 1961 the plaintiff may appear in this court to

show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment on the verdict for the defendant.

FROST, J., did not participate in the decision.

*McGee & Doorley, Frank J. McGee,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.