EARL YOUNG *et al. vs.* WILLIAM D. CUNNINGHAM *et al.*
CHERYL ANN YOUNG, *p.p.a. vs.* WILLIAM D. CUNNINGHAM *et al.*

MAY 16, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J. These are actions of trespass on the case and trespass for personal injuries sustained by the plaintiff Cheryl Ann Young, a minor, as a result of being bitten by a dog belonging to the defendants. Cheryl sued by her mother as next friend and the other action was brought by her father and mother in their own right for consequential damages. The two cases were consolidated for trial and tried together in the superior court to a jury. After verdicts for the plaintiffs, the defendants moved for a new trial. In Cheryl's case the motion was denied. In the parents' case it was granted unless the plaintiffs remitted all of their verdict in excess of $467.50. Such remittitur was duly filed and the cases are here solely on the defendants' exception to each decision. Their other exceptions being neither briefed nor argued are deemed to be waived.

On July 6, 1960 Cheryl while visiting defendants' home was bitten by their dog Rex. She was taken immediately to the hospital where it was discovered that the dog's tooth had ripped her eyelid but had not touched the eye. The cut was sutured two days later and thereafter it healed but left a prominent scar. One week after the bite a plastic surgeon attended her and performed an operation in October 1960 to improve the functioning of the eyelid and the appearance of the scar. His bill for such services and the hospitalization totaled $467.50. The above facts were undisputed at the trial.

The real controversy between the parties arose over the questions whether Rex was vicious and whether defendants knew or had reason to know of his vicious propensity, if any. Since the attack occurred within defendants' enclosure it was incumbent upon plaintiffs under the common law to prove those facts by a fair preponderance of the evidence. In this state by virtue of statute the common-law rule does not apply where the attack occurred outside the enclosure. *Oldham* v. *Hussey,* 27 R. I. 366; *Wilbur* v. *Gross,* 55 R. I. 473.

In the case at bar there was conflicting evidence on the questions of the dog's vicious propensity and defendants' knowledge thereof. There is testimony that on at least two prior occasions he had snapped at persons either on or off defendants' premises. There is also testimony that after one such occasion Cheryl's mother told Mrs. Cunningham that she would not let Cheryl go on defendants' premises if the dog was not tied. As a result of such notice Mrs. Cunningham did tie Rex but she admitted that apparently the rope she used was long enough to permit him to reach Cheryl where she was playing in the yard.

The defendants contend that the verdicts were against the weight of the evidence and that the trial justice in denying their motions for a new trial based on such ground

did not exercise his independent judgment of the evidence and the credibility of the witnesses in accordance with the rule expounded by this court in *Warren* v. *Martini,* 72 R. I. 36. The defendants further argue that if we so find we should grant them a new trial because the evidence preponderates against the verdicts. This is a misconception of the applicable rule in such circumstances. That rule is that the evidence must *greatly* preponderate against the verdicts before this court would order a new trial. *Saritelli* v. *Industrial Trust Co.,* 84 R. I. 42; *Dyer* v. *Barker-Chadsey Co.,* 93 R. I. 275, 174 A.2d 670.

We have examined the trial justice's rescript and we cannot agree with defendants' contention that he failed to exercise his independent judgment. In our opinion the most that they can draw from his language is that each verdict represented a reasonable conclusion on all the evidence and did substantial justice, and therefore he would not disturb it. This is in accordance with the law as we have so often stated it. Where the evidence is such that different minds would naturally and fairly come to different conclusions the trial justice has no right to disturb the verdict although his own judgment might incline him the other way. *Humes* v. *Schaller,* 39 R. I. 519; *Conneally* v. *Gemma,* 82 R. I. 136.

In any event, assuming without deciding that the trial justice misconceived some of the evidence or otherwise failed to perform his duty properly, we have examined the transcript and from such examination it does not appear to us that the evidence greatly preponderates against the verdicts. On the contrary we are of the opinion that it preponderates in favor of the plaintiffs. Hence the trial justice did not err in denying the defendants' motions.

In each case the defendants' exception to the denial of their motion for a new trial is overruled. The case of Earl Young et al. v. William D. Cunningham et al. is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur, and the case of Cheryl Ann

Young, p.p.a. v. William D. Cunningham et al. is remitted to that court for entry of judgment on the verdict.

*Orme, Sullivan & Pederzani, Leo J. Sullivan,* for plaintiffs.

*Robert R. Afflick,* for defendants.