LOUIS WILLIAM FERRETTI, *p.p.a. vs.* PERCY BERRY, *Treasurer.*
LOUIS FERRETTI *vs.* PERCY BERRY, *Treasurer.*

MARCH 19, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. These are two actions of trespass on the case brought by a minor to recover damages for injuries allegedly sustained by him as a result of a defect in a public highway and by his father for his expenses in connection therewith. The cases were consolidated for trial before a superior court justice, sitting with a jury, and resulted in verdicts for the plaintiffs totalling $2,317.34. They are before us on the defendant's bills of exceptions to the denial of his motions for a directed verdict and for a new trial and to certain evidentiary rulings which, having been

neither briefed nor argued, are deemed to be waived. Since the issues in each case are the same we shall consider the exceptions as they relate to the minor plaintiff and our decision therein shall be controlling in both cases.

It appears from the record that on June 13, 1958, Louis W. Ferretti returned from work to his home at 25 Boundary avenue, Johnston, and sent his son, Louis William Ferretti, to the store for a loaf of bread. The boy at the time was nine years old. Shortly after leaving the Ferretti property on his bicycle, the boy hit a stone lying in or near a hole in the road and both boy and bicycle fell into the hole. He picked himself up and continued on his errand, but complained of pain upon returning home and was put to bed. The pain continued the next day and the boy was taken to the family pediatrician who advised the parents to take their son to Rhode Island Hospital. While at the hospital the boy was operated on for the removal of a ruptured spleen. He was discharged on June 22, 1958. The total hospital bill amounted to $317.34.

The father testified that the hole into which the boy fell had existed for three years prior to the accident. It appears that some time prior to this incident sewers had been installed in Boundary avenue. Small holes had been left in the street and with the passage of time erosion had caused the holes to grow larger.

At the conclusion of plaintiff's case, defendant rested and moved for a directed verdict. The trial justice reserved decision on the motion under Rule 46 of the rules of the superior court, and the case was submitted to the jury. After the jury had returned its verdict, the trial justice denied the motion for a directed verdict and subsequently denied defendant's motion for a new trial.

The defendant argued below, as he does before us, that a verdict should have been directed for him because there was no evidence of negligence on the part of the town of

70

Johnston. Viewing the evidence in the light most favorable to the opposing party, the trial justice denied the motion. He concluded that the matter of negligence on the part of the town, and the matter of freedom from contributory negligence on the part of the boy, presented questions of fact properly within the function of the jury to decide.

The liability of the town for defects in a public highway depends upon G. L. 1956, §24-5-1, which reads as follows:

"All highways, causeways, and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the town council of such town."

The test of liability, therefore, is whether or not the road is "safe and convenient for travelers with their teams, carts and carriages." It is not incumbent upon a town to maintain its roads in order that they may be safe for travelers on bicycles, as long as they are safe for travelers in ordinary vehicles. *Fox* v. *Clarke*, 25 R. I. 515. However, a bicycle rider is not barred from recovery under this statute if there is proof that the defect in the road causing injury to him is such as would cause injury to one traveling in a vehicle comparable to carts and carriages.

There was evidence, uncontradicted by defendant, that a series of large holes existed on Boundary avenue, some for as long as three years prior to the accident. The hole into which plaintiff fell was of such a size that almost the whole of his 22-inch bicycle fitted into it. Three photographic exhibits were introduced showing the state of disrepair of the highway shortly after the accident. In view of this evidence we cannot say that the trial justice erred in denying defendant's motion.

The defendant also alleges that as a matter of law plaintiff was guilty of contributory negligence. He bases this

contention on plaintiff's testimony that he had never seen the holes in the road before the accident. This was despite the fact that the holes had been there for three years, that they were almost directly in front of the driveway into the boy's yard, and that he had been riding his bicycle for about a year prior to the accident. The defendant argues that in fact plaintiff must have known about these holes and as a prudent nine-year-old boy should have avoided them, and his failure to do so constitutes contributory negligence.

Taking into consideration the boy's age, together with such factors as the continuing deterioration without any effort by the town to keep the highway reasonably safe, we cannot say as a matter of law that he was guilty of negligence. Unless the probative evidence is so conclusive that it is susceptible of only one reasonable inference, that of lack of due care on the part of plaintiff, the issue is one for the jury. *Quinn* v. *Poole,* 85 R. I. 280.

The defendant renewed these arguments in appealing the decision of the trial justice denying his motion for a new trial. In passing upon the motion, the trial justice clearly was aware of the rule that the plaintiff could not recover without a showing that the road was not safe and convenient for travelers with carts and carriages. *Fox* v. *Clarke, supra.* It is also clear that the trial justice, in passing upon the motion, was aware of his duty to view the evidence independently of the jury's verdict. In doing so he concluded that there was ample evidence from which the jury could reach the verdict it did. He went into the question of the excessiveness of the damages, and although indicating that had he heard the case without a jury he might have awarded a smaller sum, still under the circumstances he could not say that they were grossly excessive. He was also mindful of his duty to weigh carefully the credibility of the witnesses, and he did so. *Nasso* v. *Powers,* 57 R. I.

490. Thus, we cannot say that he was clearly wrong in his decision denying the defendant's motion for a new trial.

In each case the defendant's exceptions are overruled and each case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum, John F. Sheehan, William Y. Chaika,* for plaintiff.

*Alfred J. Gemma,* for defendant.