235 A.2d 338.

EVERETT WALTZ *vs.* GERARD AYCRIGG.

NOVEMBER 14, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

110

PAOLINO, J. This action of trespass on the case for negligence was heard before a justice of the superior court sitting with a jury. At the close of all the evidence, the defendant moved for a directed verdict. Pursuant to rule 46(a) of the rules of civil procedure of the superior court, then in force, the trial justice reserved decision and, after arguments of counsel, submitted the case to the jury. After the

jury returned a verdict for the plaintiff in the amount of $350, the trial justice ruled that there was a question of fact for the jury and denied the motion for a directed verdict. He also denied the defendant's motion for a new trial. The case is before us only on the defendant's exceptions to the denial of his motion for a directed verdict and to the denial of his motion for a new trial. He has expressly waived all other exceptions.

This case involves an accident in which plaintiff's parked automobile was struck and damaged by defendant's motor vehicle during a blizzard at about 5:30 p.m. on the afternoon of February 4, 1961, on East avenue, a public highway in the town of Westerly. East avenue runs generally north and south. The accident occurred in the vicinity of Babcock Road which intersects the easterly side of East avenue and is located at a curve on East avenue.

At about 4:30 p.m. on the day of the accident plaintiff was driving southerly on East avenue on his way to his home on Babcock Road. It was very windy and snowy. There was about a foot of snow on the ground, but East avenue had been plowed completely. The plaintiff made three attempts to go up Babcock Road, which is on an incline. Being unable to do so, he backed his car into East avenue and parked it about 30 feet south of the intersection of East avenue and Babcock Road on the traveled part of the road. The car rested against a snow bank which was approximately 2½ feet high and which was on the westerly side of East avenue. The plaintiff testified that the snow had been plowed over the curb and that the width of three cars or better was available for driving on East avenue. He stated that when he parked his car it was dark except for a street light over Babcock Road about 25 or 30 feet from where his car was parked. He admitted that when he left his car to go home he did not leave his automobile lights on.

The defendant's version of what happened is in substance as follows. About an hour after plaintiff had parked his car, defendant was proceeding south on East avenue. As he drove along he observed four, five or six other cars parked on the west side of the road on the right side of the snow bank. He testified that he was traveling about 10 to 15 miles per hour and the visibility was 40 to 100 feet. He was familiar with the area and had traveled East avenue many times. He first saw plaintiff's car when it was about two car lengths ahead of him; he tried to go to the left of plaintiff's car, went into a skid and struck plaintiff's automobile. His testimony is as follows:

"As I came along there, as I say, it was snowing very hard, and all of a sudden, I was aware that there was a car ahead of me, and I tried to avoid him by going to the left, and then the car started to slide and I threw it to the right in the hope of correcting the skid, and tried to get in the snowbank behind the car."

The testimony as to the width of the traveled portion of the road between the snow banks is in conflict, defendant's testimony being that it was two car widths while plaintiff testified that it was three car widths or better.

An auto repair man testified that the damage to plaintiff's car amounted to a total of $520.

We consider first defendant's exception to the denial of his motion for a directed verdict. His first contention is that on the evidence and established physical facts plaintiff was guilty of contributory negligence as a matter of law. On this record there is no merit in his contention.

In accordance with our well-established rule, the trial justice in passing on a motion for a directed verdict is obliged to view the evidence in the light most favorable to the adverse party, to draw all reasonable inferences from the evidence favorable to that party, and to refrain from weighing the evidence and passing upon the credibility of

the witnesses.[1]  *Compo* v. *Dexter*, 101 R. I. 311, 222 A.2d 681, 682; *Nicholson* v. *Narragansett Tastee-Freez Co.*, 101 R. I. 323, 222 A.2d 776, 778.

While it is true that in a proper case the trial justice has the power to treat the issue of contributory negligence as a question of law and to determine a motion for a directed verdict accordingly, *Taglione* v. *Tourtellot & Co.*, 100 R. I. 292, at 296, 214 A.2d 853, 856, unless the probative evidence is so conclusive that it is susceptible of only one reasonable inference, that of lack of due care on the part of the plaintiff, the issue is one for the jury. *Ferretti* v. *Berry*, 96 R. I. 67, 71, 189 A.2d 344, 346.

We find no merit in defendant's argument that in ruling on the motion for a directed verdict, the trial justice "seemed to place" too much importance on the rule that the violation of a statute setting forth the rules of the road is not negligence per se, but only prima facie evidence of negligence that can be considered with other evidence on the question of negligence. This is a correct statement of the law in this state. *McWright* v. *Providence Telephone Co.*, 47 R. I. 196, 131 A. 841. As the court said in the latter case at page 202, 131 A. at 843:

> "* * * To bar plaintiff's action as a matter of law it must be clear not only that he was negligent but that his negligence was a concurring cause of the accident. * * *"

On this record we cannot say that the trial justice erred in ruling that the issue of contributory negligence presented a fact question for the jury.

The defendant next contends that there was no legal evidence of negligence on his part which would support or justify a verdict for plaintiff. We cannot agree that this

---

[1]This was the prevailing rule prior to the adoption of the new rules of civil pocedure of the superior court, which became effective January 10, 1966; we do not pass on the question whether such rule has been changed by the new rules.

argument is supported by the evidence. Whether, considering the weather and road conditions, defendant's speed of 10 to 15 miles an hour was reasonable, whether his skidding resulted from his speed under the circumstances — these were clearly fact questions upon which different minds might reasonably reach opposite conclusions as to whether defendant was acting as a reasonable driver under all the circumstances. From an examination of the transcript we are persuaded that the trial justice was correct in submitting the question of defendant's negligence to the jury.

We now consider defendant's exception to the denial of his motion for a new trial. On the question of liability he argues that the trial justice misconceived both the testimony relating to whether certain street lights were on at the time of the accident and also the evidence concerning the location of the other parked cars on East avenue with reference to the snow bank.

In his decision the trial justice carefully reviewed the material evidence on the question of negligence and contributory negligence. He found that the evidence supported a finding of negligence on the part of defendant and freedom of plaintiff from contributory negligence, but he expressly stated that the state of the evidence was such that reasonable men could reach different conclusions on these issues and therefore he declined to disturb the verdict of the jury. After reading the transcript we are persuaded that his conclusion with respect to the state of the evidence is supported by the record.

We have also examined the transcript to determine whether defendant has satisfied his burden of establishing that the trial justice misconceived any material evidence in arriving at his ultimate decision denying defendant's motion for a new trial. We conclude that he did not.

The trial justice, on this record, was justified in following our rule that where the evidence is such that different minds

would naturally and fairly come to different conclusions, the trial justice has no right to disturb the verdict although his own judgment might incline him the other way. *Young v. Cunningham,* 94 R. I. 378, 381, 181 A.2d 109, 110, 111.

There is no merit in the defendant's contention that the jury "obviously" disregarded the trial court's instructions on the question of damages and that therefore the verdict was against the law on this issue. In passing on the motion for a new trial the trial justice reviewed the testimony of the auto expert on the question of damages and concluded, in the exercise of his independent judgment, that the award was neither grossly excessive nor inadequate. We find no error in his ruling.

The defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*James D. Thornton,* for plaintiff.

*Edward M. Botelle,* for defendant.