HATTIE WHITE *v.* STINE R. HALL

(No. 8436)

Submitted October 14, 1936. Decided December 8, 1936.

*J. Howard Hundley,* for plaintiff in error.

*Payne, Minor, Ray, Maier & Davis,* for defendant in error.

LITZ, JUDGE:

This is an automobile guest case in which the plain-

tiff, Hattie White, sues the defendant, Stine R. Hall, for personal injury sustained by her while riding as a guest in a Plymouth automobile owned and operated by him. The trial court entered a judgment of *nil capiat* on the verdict of the jury in favor of defendant, and plaintiff prosecutes error.

The defendant is the son-in-law of plaintiff. He, his wife, plaintiff, her husband, and the son of plaintiff left Saint Albans, Kanawha County, West Virginia, at five o'clock on the morning of September 14, 1934, in the Plymouth car, driven by defendant, for Chicago, Illinois, where the son was to enter college, and arrived in Chicago between three and four o'clock in the afternoon. All of the party, except the son who remained in Chicago, left Chicago on their return to Saint Albans, September 15th, stopping for the night at or near Jonesboro, Indiana. They left Jonesboro about seven thirty o'clock the next morning, en route to Saint Albans. Defendant was driving with his wife by his side. Mr. and Mrs. White were in the rear seat. After traveling about nine miles in an eastern direction, and while the car was proceeding over a railroad crossing, near Wheeling, Indiana, Mr. and Mrs. White, were violently thrown from their positions and injured. She suffered a compression fracture of the spine. The speed of the automobile at the time of the accident, was, according to the testimony of plaintiff and her husband, between fifty and sixty miles per hour and in the opinion of defendant about forty miles an hour. The road at the crossing was three and eight-tenths feet higher than its elevation one hundred feet from the railroad tracks in one direction, and two and one-tenth feet higher than the elevation of the road one hundred feet from the tracks in the opposite direction. The road apparently was practically straight for five or six hundred feet from the crossing west. Defendant testified that he had no recollection of observing railroad crossing signs; that the slight elevation at the crossing appeared to him to be similar to other rises in the road which he had previously encountered on the way from Jonesboro, and therefore, did not discover the rail-

road tracks in time to check the speed of the car. Plaintiff and her husband testified that defendant, several times, on approaching rises in the road between Jonesboro and the point of accident, accelerated the speed of the car, thereby causing them to bounce in their seats seemingly for his own delectation; and that he would, on such occasions, nudge his wife and laugh heartily at their discomforture, notwithstanding repeated protests by them.

As the accident causing the injury occurred in the State of Indiana, the right of recovery is controlled by the automobile guest statute of that state, which provides: "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless disregard of the rights of others." Burns Anno. Indiana Statutes, Watson Revision, 1929 Supp., Section 10, 142.1. The statute has been considered and applied by the Appellate Court of Indiana, sitting in Banc, in *Coconower* v. *Stoddard*, 96 Ind. App. 287, 182 N. E. 466, 86 A. L. R. 1147 (n) ; *Armstrong* v. *Binzer*, 199 N. E. 863, 865; *Heoppner* v. *Stalzgaber*, 200 N. E. 458; *Kraning* v. *Taggart*, 1 N. E. (2d) 689. In the first case, the court said: "Liability of the owner or operator of a motor vehicle to a guest since the passage of the statute in question, exists only in two classes of cases: First, where the accident resulting in injury was intentionally caused; and, second, where the accident was caused by reckless disregard of the rights of others, meaning thereby not to relieve from liability where caused when the owner or operator voluntarily does an improper or wrongful act, or, with knowledge of existing conditions, voluntarily refrains from doing a proper and prudent act, under circumstances when his action, or his failure to act, evinces an entire abandonment of any care, and a heedless indifference to results which may follow, and he recklessly takes the

chance of an accident happening without intent that any occur." The court, in the course of its opinion, quoted from the opinion of the Supreme Court of Iowa in the case of *Siessegar* v. *Puth*, 213 Iowa 164, 239 N. W. 46, construing a statute making the owner or operator of an automobile liable to a guest because of reckless operation of the motor vehicle, as follows: "It is apparent, we think, that the legislature intended the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless', one must be more than 'negligent.' Recklessness may include 'willfulness' or 'wantonness', but if the conduct is more than negligent, it may be 'reckless' without being 'willful', or 'wanton', but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' " In the second case, the court, after repeating the definition of the statute devised in *Coconower* v. *Stoddard*, stated: "The statute does not attempt to define the meaning of the phrase 'reckless disregard of the rights of others,' but, does, by such phrase, fix a standard of conduct, which, if not observed, will result in liability for damages sustained, without, however, undertaking to apply that standard to any given state of facts, thus leaving the question as to what constitutes a reckless disregard of the rights of others open for determination as a question of fact when the evidence is conflicting, or when different inferences from evidence may be reasonably drawn."

Similar statutes are in effect in California, Colorado, Connecticut, Delaware, Idaho, Illinois, Iowa, Kansas, Michigan, Montana, Nebraska, North Dakota, Ohio, Oregon, South Carolina, South Dakota, Texas, Utah, Vermont and Washington. The respective statutes of the enumerated states have been applied in *Weir* v. *Lukes*, 15 Cal. App. (2d) 312, 56 P. (2d) 987; *Millington* v. *Hiedloff*, 96 Colo. 581, 45 P. (2d) 937; *Bordonaro* v. *Senk*, 109 Conn. 428, 147 A. 136, 74 A. L. R. 1200 (n); *Gallegher* v. *Davis et al.*, (Del.) 183 A. 620; *Willi* v. *Schaefer Hitchcock Co.*, 53 Ida. 367, 25 P. (2d) 167; *Foale* v. *Linsky*, 279 Ill. App.

58; *Siessegar* v. *Puth*, 213 Iowa 164, 239 N. W. 46; *Aduddell* v. *Brighton*, 141 Kan. 617, 42 P. (2d) 555; *Naudzius* v. *Lahr*, 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1189; *Nangle* v. *Northern Pac. Ry. Co.*, 96 Mont. 512, 32 P. (2d) 11; *Gibbert* v. *Bryant*, 125 Neb. 731, 251 N. W. 823, 34 N. C. C. A. 346; *Posey* v. *Krogh*, 65 N. D. 490, 259 N. W. 757; *Vecchio* v. *Vecchio*, 131 Ohio St. 59, 1 N. W. (2d) 624; *Monner* v. *Starker*, 147 Ore. 118, 31 P. (2d) 1109; *Fulghum* v. *Bleakley*, 177 S. C. 286, 181 S. E. 30; *Melby* v. *Anderson*, (S. D.) 266 N. W. 135 (which cites the statutes from seventeen other states); *Aycock* v. *Green*, (Tex. Civ. App.) 94 S. W. (2d) 894; *Anderson* v. *Olsen*, 106 Vt. 70, 169 A. 781; *Shea* v. *Olsen*, 185 Wash. 143, 53 P. (2d) 615.

The accident evidently was due to the failure of defendant to anticipate the railroad crossing and his consequent omission to reduce the speed of his car before reaching the tracks. Whether the operation of the car by defendant, under the circumstances, constituted reckless disregard of the rights of others, within the meaning of the Indiana statute, was, in our view, an issue for the determination of the jury. We cannot, therefore, say as a matter of law that the failure of defendant to realize his approach to the railroad crossing in time to avoid the injury was more than ordinary negligence.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*