Curtis Forney

*v.*

Roy Morrison

*and*

Roy Morrison

*v.*

Curtis Forney

(No. 11030)

Submitted September 22, 1959. Decided November 3, 1959.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for plaintiff in error.

*W. H. Ballard, II., Harry G. Camper, Jr.,* for defendant in error.

BROWNING, JUDGE:

These actions of trespass on the case for personal injury and property damage were instituted in the Circuit Court of McDowell County, consolidated for trial purposes, and tried to a single jury, which returned a verdict for Forney in the sum of Seventy-Five Hundred Dollars. Forney was a resident of McDowell County, West Virginia, and Morrison a resident of Tazewell County, Virginia. A collision between their automobiles, each being driven by its owner, occurred on a highway in Virginia between the towns of Tazewell and Bishop at about one o'clock a.m. on June 3, 1956. Morrison was driving alone in his car and Forney was accompanied by one Harless Johnson. The collision occurred on a hill and in a curve, which was a right-hand curve to Morrison and a left-hand curve to Forney. According to the testimony of Forney and Johnson, the Forney car was traveling at a rate of speed of about thirty-five miles an hour when the Morrison car came across the center of the highway and struck the Forney car, although Forney had cut sharply to the right to avoid the collision and was hit while the right front wheel of his car was on the berm of the highway. Morrison's testimony is sharply to the contrary. He states that the Forney car was coming down the hill "very fast", and that shortly before the impact the

Forney car skidded across the center line of the highway and collided with the front end of the Morrison car. Damage to the Forney car was confined to the front fender and door on the left side. Several photographs of the highway and the Forney car are in evidence as exhibits and one apparently shows the imprint of the Morrison car's headlights in the fender and door of the Forney car. Two young men traveling in an automobile behind the Forney car testified that Forney, prior to the collision, had been traveling at a rapid rate of speed, and a trooper of the Virginia State Police, who arrived at the scene of the collision about twenty minutes after it occurred, gave testimony favorable to Morrison. Principally, in that regard, he stated that the debris which he found was on the Morrison side of the highway. There was other testimony which it is not necessary to relate regarding the physical facts as they prevailed after the collision.

Morrison offered in evidence the testimony of the state trooper to the effect that sometime after June 3, 1956, Forney was arrested for reckless driving, pleaded not guilty before a trial judge in Tazewell County, but was found guilty of the offense and fined therefor. This testimony was objected to and the trial court sustained the objection to it. However, the testimony was taken in the absence of the jury and is part of the record. The evidence is undisputed that whatever caused the cars to collide, after both had come to rest, they were in this position: The Forney car was on the berm on the Morrison side of the highway and pointed in the direction from whence Forney had come. The Morrison car was also on Morrison's opposite side of the highway and on the berm thereof, but pointed in the same direction that Morrison had been traveling and in the same direction that the Forney car was pointed.

Forney testified to the effect that while he was in a hospital recuperating from his injuries, Morrison came to his room and in the presence of several witnesses admitted that the collision was Morrison's fault and agreed

to take care of the matter. Morrison vehemently denied this testimony and stated that he went to the hospital only for the purpose of finding out where "Forney was at". If that was his purpose he chose an inopportune time for the visit, since the room was filled with relatives and friends of Forney's who corroborated Forney's testimony.

A writ of error to the final judgment of the Circuit Court of McDowell County upon the verdict for Forney was granted by this Court and errors assigned here are:

(1) The verdict is inconsistent with the undisputed physical facts.

(2) The court erred in not permitting Morrison to prove that Forney had been arrested and convicted on a charge of reckless driving growing out of the collision.

(3) The court erred in refusing to give Morrison's instruction "A".

(4) In the admission and rejection of testimony.

Upon the first assignment of error it is contended in brief and oral argument that if the Morrison car had crossed the centerline of the highway and struck the Forney car, as the latter and his witness testified, the Forney car would have been pushed to the opposite berm of the highway from the one on which it came to rest after the collision, as the evidence indisputably shows the imprint of a headlight at about the center of the Forney car. On the other side it is contended that if the collision occurred as Morrison says it did, the cars could not have ended up in the position in which they were later found.

Upon a careful review of all of the evidence, including the exhibits, it is the view of this Court that the questions arising out of the manner in which the collision is alleged to have occurred by the contending parties was one of fact for the jury and that there are no physical facts shown by the testimony or by the exhibits which produce

a question of law for the trial court or for this Court. Automobiles that collide in a curve on a hill do strange things after the collision. Upon that assignment, we are not inclined to disturb the finding of the jury.

The second assignment of error concerns the trial court's refusal to permit Morrison to prove that Forney had been convicted on a charge of reckless driving growing out of the collision. That the general rule is to the effect that the substantive rights of the parties to an action are governed by the *lex loci* and that the *lex fori* controls as to matters pertaining to remedial rights of the parties is almost universally the rule applied where the question of conflict of law arises in the trial of a case seems well settled. 11 Am. Jur., Conflict of Laws, §203; 20 Am. Jur., Evidence, §253; 4 M.J., Conflict of Laws, etc., §38; 78 A.L.R. 883.

In the recent case of *Dodrill* v. *Young*, 143 W. Va. 429, 102 S. E. 2d 724, this Court held that in an action arising out of an injury to a guest passenger in a collision occuring in the State of Virginia, where the action was instituted and tried in this state, the right of recovery will be tested by the laws of Virginia. Many cases to the same effect are cited in the opinion of that case. However, the question of the admission or rejection of testimony relates to the procedural rather than to the substantive rights of the parties and is governed by the *lex fori*. *Saena* v. *Zenith Optical Co.*, 135 W. Va. 795, 65 S. E. 2d 205, and many cases cited therein to the same effect.

The testimony as to the conviction of Forney for reckless driving upon a plea of not guilty is not admissible in this jurisdiction in an action for personal injuries arising out of the same event. *Moore* v. *Skyline Cab. Co.*, 134 W. Va. 121, 59 S. E. 2d 437, and many previous decisions of this Court also cited in the opinion by Judge Haymond.

However, it is the position of counsel for Morrison that under the law of Virginia, where this collision occurred,

the testimony of the state trooper would be admissible to show that Forney was convicted upon a plea of not guilty to the offense of reckless driving, and that because of such conviction he cannot recover in the civil action against Morrison. In support of this contention they rely upon *Eagle, Star and British Dominions Ins. Co.* v. *Heller,* 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490. Briefly, the pertinent facts in that case were these: Heller was convicted of burning a stock of goods at his store with intent to injure the insurer, which is a statutory form of arson in Virginia, and thereafter, in a civil action upon the policy, got a verdict against the insurance company for the value of the property destroyed by the fire. In the opinion the Virginia Court said:

> "Our conclusion, then, under the facts of this case, is that the court erred in refusing to admit evidence of the conviction; that, when admitted, the precise finding of fact, that the accused was criminally responsible for the fire, unquestionably incendiary, which destroyed his goods, is conclusive upon the plaintiff, Heller; that this judgment of a court of competent jurisdiction was a determination of that particular and decisive fact as against him; that this judgment cannot be attacked except upon the ground of fraud, perjury, collusion, or some other such ground of invalidity; and that when so admitted in evidence there could have been but one proper verdict, and that a verdict for the defendant. We shall, therefore, reverse the judgment in favor of the plaintiff and enter judgment here in favor of the defendant."

However, in the subsequent case of *Rhines* v. *Bond,* 159 Va. 279, 165 S. E. 515, the decision of the Court is reflected by the first headnote which reads: "Judgment against defendant in former action for death of one killed while riding in automobile in collision with defendant's automobile *held* not conclusive as to that defendant when sued by another plaintiff injured in same accident." In commenting upon the decision in the *Heller* case, it was stated in the opinion that, "Under the

facts of that case, the court made an exception to the general rule upon the grounds of public policy; but we think that the exception there made should not be extended to apply to cases such as the case at bar." The *Heller* case is the subject of an annotation in 57 A.L.R. 504, and is cited as representing the minority view.

The Code of Virginia, 1950, §46.1-189, titled "Reckless driving; Speeding, etc.", provides: "Irrespective of the maximum speeds herein provided, any person who drives a vehicle upon a highway recklessly or at a speed or in a manner so as to endanger life, limb or property of any person shall be guilty of reckless driving; * * *" §46.1-190, under the title "Same; specific instances", provides that: "A person shall be guilty of reckless driving who shall: (a) Drive a vehicle when not under proper control or with inadequate or improperly adjusted brakes upon any highway of this State; * * *" Thereafter in this section are listed eleven other specific instances of offenses that constitute the offense of reckless driving. Assuming that the state trooper was a proper witness by which to prove the conviction of Forney before a trial justice of the State of Virginia, the proffered testimony taken upon the trial of this case in the absence of the jury does not show whether Forney was convicted under the general charge of reckless driving or one of the twelve specific offenses provided under the Virginia Code. Neither does this evidence show whether the charge of reckless driving against Forney arose out of some act of his at the time of the collision with the Morrison automobile or at some previous time. Two witnesses testified for Morrison to the effect that they had observed Forney's driving for a distance of five or six miles prior to the collision and their description of the manner in which he drove his car would probably have been sufficient to bring about his conviction under one or more of the twelve specific instances of recklessness to which reference has heretofore been made.

Reverting again to the *Heller* case, it seems apparent from statements contained in the opinion that the de-

cision in that case was not intended to apply to the facts in the instant case. The opinion states: "The precedents and the rules of exclusion which have been derived therefrom, which the trial court followed, have generally arisen in cases where one claiming to be injured by the criminal act of another had brought a tort action against the alleged wrongdoer for redress of that injury, most frequently in actions for personal injury—assault and battery. This, however, is not such a case. Here the plaintiff who brings this action has committed the felony, and seeks to recover the fruit of his own crime. This crime, by the terms of the contract upon which he sues, avoids the contract, for under the policy sued on the plaintiff cannot recover if he willfully burnt his own property. So that the issues raised in this action on the policy are quite different from those generally raised by a plaintiff suing the alleged wrongdoer in tort. Here the plaintiff must recover, if at all, upon his contract. * * *" Therefore, we are constrained to hold that it was not reversible error to sustain the objection to testimony that was offered by the Virginia state trooper regarding the conviction of Forney. On the contrary, it would have been reversible error to have permitted the introduction of such testimony.

Summarily we dispose of the assignment of error based upon the refusal of Morrison's instruction "A", it being fatally defective under many decisions of this Court, since it did not effectively refute contributory negligence. Furthermore, Morrison was not prejudiced by its refusal because of the giving of "Court's Instruction No. D". What has heretofore been said answers the assignment of error relative to the admission and rejection of testimony inasmuch as we find no reversible error to Morrison; in that regard the only question being whether the evidence as to the conviction for reckless driving should have been admitted.

The judgment of the Circuit Court of McDowell County will be affirmed.

*Affirmed.*