Roy Charles RUNDLE, Plaintiff,

v.

Robert Lee WYRICK et al., Defendants.

Robert M. BREWER, Plaintiff,

v.

Roy Charles RUNDLE, Defendant.

Mrs. Evelyn RUNDLE, Plaintiff,

v.

Robert Lee WYRICK et al., Defendants.

Civ. A. Nos. 163–G–59, 164–G–59, 101–G–60.

United States District Court
Middle District North Carolina,
Greensboro Division.

June 19, 1961.

Bynum M. Hunter, Greensboro, N. C., for plaintiff Roy Charles Rundle.

Richard L. Wharton, Greensboro, N. C., for plaintiff Mrs. Evelyn Rundle.

Armistead W. Sapp, Adam Younce, Greensboro, N. C., for defendants Grubb Motor Lines, Incorporated, and Dwaine Murel Moser.

Luke Wright, Greensboro, N. C., for defendants Robert Lee Wyrick and Rose M. Brewer.

HAYES, District Judge.

The court consolidated for trial the three cases growing out of a collision. Roy Rundle sued Grubbs Motor Lines, the owner of the tractor-trailer unit which was operated for it by defendant Dwaine Moser. They denied negligence and set up a counter claim against Rundle for damages to the tractor and for personal injuries sustained by Moser. Roy Rundle included Robert Wyrick as a defendant alleging that he recklessly drove a Chevrolet into the rear of Rundle's Dodge car and knocked it into the left lane of traffic causing the tractor-trailer unit to collide with it and cause the damages.

The Court submitted issues as to the negligence of each defendant which the jury answered in favor of the plaintiff and the jury answered the issue of contributory negligence in plaintiff's favor. Mrs. Brewer—owner of the Chevrolet— was not a party defendant. She filed an action against Roy Rundle for damages to her car and to her person. Rundle denied negligence and set up a counter claim against her. In that case the jury found that she was not injured by the negligence of Roy Rundle and found Roy Rundle was injured by her negligence and assessed damages.

The third case was Mrs. Evelyn Rundle against all of the defendants—including Mrs. Brewer—and the jury found she was injured by the negligence of each defendant and assessed her damages.

The defendant Grubb Motor Lines and Dwaine Moser moved at the close of plaintiff's evidence for dismissal of plaintiff's claim against each of them; also moved for a directed verdict in their favor at the close of all of the evidence; moved to set aside the verdict and for a new trial when the judgments were signed, then moved to set aside the judgments and for a new trial. All of these motions were denied and defendants excepted.

These motions assail the sufficiency of the evidence to support the verdict and judgment.

■ If the evidence and legitimate inferences to be drawn therefrom raise an issue of fact, it was the duty of the court to submit the issues to the jury. The authorities in support of this rule are clearly set out in Grooms v. Minute-Maid, 4 Cir., 267 F.2d 541 and in Fruit Industries, Inc. v. Petty, 5 Cir., 268 F.2d 391. In the Grooms case the trial judge directed a verdict for defendant and the Circuit Court reversed, ordering a jury trial. The facts in the case were very similar to the facts in the instant cases; the Minute-Maid tractor there, while in its lane, collided with plaintiff's car which had been knocked over in Minute-Maid's lane.

Here there was evidence tending to show that the accident occurred shortly after 8 P. M., July 31, 1959. All the vehicles had on their lights. The paved highway being U. S. No. 29 was 24 feet wide—a broken white line in center to separate the traffic—with a 12 foot wide shoulder on each side, sodded and adequate for vehicular traffic.

The accident occurred about .6 of a mile north of Greensboro and south of Cobb's filling station, located on west side of the highway. This station had a frontage of 150 feet on the highway and was 85 feet west of it. The premises were on a level with the shoulder and highway. There was no vehicle or obstruction on the west shoulder or the filling station premises. The collision took place in the southbound lane just south of the southern entrance to the filling station. The tractor-trailer was going south. The road was level and straight for three fourths of a mile.

Travel on the northbound lane was blocked by the lead car which was stopt and blinking his left turn lights, as the driver was waiting to cross the left lane and go to the filling station for gas. Truck driver Moser observed it 300 yards away. Rundle stopt and his lights were blinking. Defendant Wyrick, driving Mrs. Brewer's car, approached from the south, with lights burning and traveling at a fast speed, so fast that he was unable to stop, although his car left skid marks for 39 feet, and crashed into the rear end of the Rundle Dodge car, knocking it forward and into the left lane of travel. The impact between the Dodge and the oncoming tractor occurred behind the front car which was to make the left turn.

■ There was evidence tending to show that Rundle was one of the cars going fast and pulled into the left lane to effect passing when it could not be done. Wyrick and Mrs. Brewer denied their car touched the Rundle car until after the collision with the truck. Moser, when he was 300 feet north of the impact, saw the stopt vehicles blocking northbound travel, and saw two cars approaching them at a fast speed, but he did not slow down or take any precautions to avoid injury. As he approached the north entrance to the filling station he saw the front fast car couldn't stop and saw the Rundle car enter his lane and for the first time started to slow down. He traveled at least 125 feet before hitting the Rundle car; he did not get over on the filling station premises or shoulder to avoid the collision when he could have done so when and if he had his vehicle under control. According to him he was driving 45 or 50 miles per hour when he was 300 feet north of scene, although the filling station operator testified he was driving 55 miles per hour. But the test established in North Carolina is not confined to what he saw, but what he could have seen if he had kept a constant outlook in the direction he was traveling, by exercising ordinary care. Wall v. Bain, 222 N.C. 375, 23 S.E.2d 330. He is held to the duty of seeing what he ought to have seen by exercising ordinary care; stated another way, it is not what he foresaw but what was foreseeable.

■■ The rule is well established in North Carolina that a motorist, although in his proper lane of traffic, must exercise ordinary care to avoid injuring persons or vehicles in his lane if he discovers their peril or in the exercise of ordinary care could discover it. It is his duty to slow down and have his vehicle under control and to pull over on the shoulder, if by doing so, he can avoid injury. Taylor v. Rierson, 210 N.C. 185, 185 S.E. 627; Johnson v. Lewis, 251 N.C. 797, at page 800, 112 S.E.2d 512. The jury could infer from the established facts that Moser could have seen, by exercising ordinary care, that the approaching northbound Brewer car was traveling so fast that it could not stop and would wreck or be forced over into the southbound lane, and that he was negligent by not slowing down and being in a position to avoid a collision. Ample room was available but the speed of the tractor and the failure to act in time constituted negligence.

■ It is not necessary that the operator foresee the precise details of approaching danger. Ordinary care is required to prevent injury which is foreseeable. It is sufficient if the defendant, by the exercise of ordinary care, might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. Riddle v. Artis, 243 N.C. 668, 91 S.E.2d 894.

The above case held Butner v. Spease, 217 N.C. 82, 6 S.E.2d 808, factually distinguishable. The Riddle case is factually analogous to the facts in the instant cases.

Defendants here have invoked the insulated negligence theory of Butner v. Spease, supra, but the facts here are clearly distinguishable. There Spease, the driver of the truck involved, suddenly and without warning, turned to his left across the lane of a speeding car in that lane of traffic. The negligence of Spease was held to be the sole proximate cause of the collision. The driver of the other car had no reason to anticipate the truck would make such a turn without warning, consequently there was no connection between the speed of the oncoming car and the collision; speed did not produce the injury but the conduct of the truck driver solely caused the injury by suddenly getting into the path of the car without warning. The Riddle case, supra, clearly shows that the instant cases are not controlled by the Butner case.

■ There is no basis for applying the doctrine of insulating negligence of a third party here. The intervention of the negligence of a third party must entirely supersede the negligence of the defendant and produce the injury without the negligence of the defendant. Dickson v. Queen City Coach Co., 233 N.C. 167, 63 S.E.2d 297; Atlantic Greyhound Corp. v. McDonald, 4 Cir., 125 F.2d 849.

Despite the many and difficult issues submitted to the jury in the three cases involving the alleged negligence and contributory negligence of Roy Rundle, in each instance the jury exonerated him from any negligence or contributory negligence; the jury found the other defendants guilty of negligence, proximately causing plaintiff's injuries. The jury was instructed that if Roy Rundle drove his car into the southbound lane in an effort to pass when he could not, he would be guilty of negligence and could not recover from any of the defendants.

■■ Exception is taken to the court directing a verdict in favor of Mrs. Run-

dle on contributory negligence. There was no sufficient evidence requiring the submission of the issue in the first place. Johnson v. Lewis, supra. While there was conflicting evidence about her offering some candy to the men in the front seat, there was no evidence that it deflected the attention of the driver or any causal connection between it and the accident. However, the question is moot because the jury found Roy Rundle free from contributory negligence. If the driver was not negligent, the guest could not be guilty of contributory negligence; there must be causal connection.

The issues and evidence required a disposition by a jury. There is no valid reason to set aside or disturb its findings. The motion to set aside the judgment and grant a new trial is denied.