Larry **WOODARD**, Appellant
(Plaintiff below),

v.

Everett W. **DRISCOLL**, Appellee
(Defendant below).

No. 4006.

Supreme Court of Wyoming.

Feb. 1, 1972.

---

H. W. Del Monte, W. Randall Boyer, and Arnold B. Tschirgi, Lander, for appellant.

Nelson & Greenhalgh and Garry M. Greenhalgh, Rock Springs, for appellee.

\* Before McINTYRE, C. J., and PAR-·KER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Larry Woodard, claiming permanent disability, filed an action against Everett W. Driscoll, seeking $740,000 damages resulting from defendant's alleged negligent operation of his automobile, causing it to collide with that of plaintiff on August 18, 1965, on U.S. Highway 30 near Rock Springs, Wyoming. Mr. Driscoll denied generally and counterclaimed for some $3,000 damage to his automobile. The cause was tried by a jury and at the conclusion of plaintiff's evidence the court granted defendant's motion for a directed verdict. From this plaintiff has appealed.

The relevant facts disclosed by the evidence are few. Plaintiff after work, between 5:30 and 6 p.m., on August 18, 1965, was in his 1962 compact Oldsmobile "riding around" and decided to go out west of Rock Springs. He said he was traveling about thirty at first and picked up speed to about forty or forty-five. The weather was very rainy and the highway slick. Plaintiff said that as he got to a curve in the highway "I was going on the inside of the curve and then I seen this other car coming cutting in on his, on his half, half on my side and half on his side. * * * I put on my brakes, and by that time the accident happened." Plaintiff further testified that his car was on the proper side of the highway up until the accident but that he did not know whether the impact occurred on his side of the road. He remembered only that defendant's car was approaching him from around a curve at a distance of about fifty or one hundred feet, "just cutting on my side and cutting half on his side cutting into the curve." To avoid an accident plaintiff said he put on his brakes, did not fishtail, slowed his vehicle down, and slid some, after putting on his brakes he remembered nothing until waking up in a hospital about two weeks later.

The investigating officer could detect no skid marks at the scene of the accident. Defendant's 1965 Lincoln Continental was stopped to the right of the highway, facing east—for the most part in the emergency

---

\* Mr. Justice GRAY who was a member of the court at the time of the submission of the cause did not participate in the decision.

parking lane. Plaintiff's Oldsmobile was in the middle of the road, astraddle the center line, facing east toward Rock Springs. The officer observed a pile of debris (dirt and oil or Prestone) in the eastbound lane of the highway, five feet from the center line.[1] To the best of the officer's knowledge the position of the cars as he found them was that after impact. He did not believe either car would have been capable of moving under its own power after the impact.

The operator of a garage and salvage yard, one of the first to arrive at the scene, found car parts all over the highway with the heaviest concentration being in front of plaintiff's vehicle. His recollection of the positions of the vehicles coincided with the investigating officer's. He said it seemed that the Lincoln's "left front fender, and grill, and hood was mashed in" but that the automobile was upright.

In his appeal plaintiff argues the rule of law in this jurisdiction to say that defendant's motion for a directed verdict admits the truth of plaintiff's testimony and of every material fact, which it tends to prove if reasonably inferable by a jury,[2] and from plaintiff's testimony by reasonable inference (1) defendant was negligent in cutting the curve and (2) defendant's negligence was the proximate cause of plaintiff's injuries. He points out that § 31–99, W.S.1957, C.1967, requires a vehicle to be driven on the right half of the roadway and urges that a violation thereof by itself creates actionable negligence if the violation was the proximate cause of an accident[3]—proximate cause ordinarily being a question of fact to be determined by the trier of fact, unless only one inference or conclusion can be drawn from the evidence.[4] In that connection he notes that

proximate cause has been defined as that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred.[5]

Defendant agrees that plaintiff to establish a prima facie case needed only to establish defendant's negligence, proximately causing the accident and the resulting injuries. However, he insists that in order to prove proximate cause when there was evidence that defendant was partly in the wrong traffic lane 50 to 100 feet from plaintiff, plaintiff had to show that either defendant was still in plaintiff's lane of traffic at the time of the collision or that plaintiff was in defendant's lane of traffic at the time of collision solely because of defendant's negligence, not because of any negligent act on plaintiff's part. On that aspect he maintains that if the only reasonable inference from the evidence was the accident's occurring in defendant's lane of traffic plaintiff had the burden of showing that he turned or skidded into defendant's lane of traffic in a reasonable and justifiable attempt to avoid an immediate danger presented by defendant's oncoming automobile. He submits no precedent for this position and relies instead on general principles of law not peculiarly applicable to motor vehicle accidents, and from our analysis of the record we determine that his assertion is unwarranted. Plaintiff's evidence was clear if not detailed that while he was driving 40 or 45 miles per hour as he approached a curve in the highway he saw defendant's oncoming vehicle about fifty or one hundred feet from him cutting inside the curve, into plaintiff's lane of traffic. Under such circumstances plaintiff was obligated to use ordinary care in

1. A drawing made by the officer showed the debris to have been some distance east of both the vehicles, but an exact measurement was not elicited, and there was no definite evidence that the debris resulted from the litigated collision.

2. Hawkey v. Williams, 72 Wyo. 20, 261 P.2d 48, 54–55; 53 Am.Jur. Trial § 313.

3. Checker Yellow Cab Co. v. Shiflett, Wyo., 351 P.2d 660, 663.

4. Dallason v. Buckmeier, 74 Wyo. 125, 284 P.2d 386, 390.

5. Hester v. Coliseum Motor Co., 41 Wyo. 345, 285 P. 781, 786.

avoiding an impending collision,[6] and the negligence or contributory negligence of either driver under circumstances of that nature are ordinarily considered to be questions of fact rather than of law.[7] We find no tenable basis for the trial court's action in directing a verdict, saying in effect that plaintiff did not act as a reasonably prudent person in immediately attempting to slow his vehicle. Accordingly, the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.

6. Cimoli v. Greyhound Corporation, Wyo., 372 P.2d 170, 173–174; Zanetti Bus Lines, Inc. v. Hurd, 10 Cir., 320 F.2d 123, 126; Gard v. Sherwood Construction Co., 194 Kan. 541, 400 P.2d 995, 1001; Coble v. Lacey, 252 Minn. 423, 90 N.W. 2d 314, 320; Johnson v. Lewis, 251 N.C. 797, 112 S.E.2d 512, 514; Rundle v. Wyrick, D.C.M.D.N.C., 194 F.Supp. 630, 632 (affirmed Rundle v. Grubb Motor Lines, Inc., 4 Cir., 300 F.2d 333).

7. Forney v. Morrison, 144 W.Va. 722, 110 S.E.2d 840, 842; Cluck v. Snodgrass, Mo. App., 381 S.W.2d 544, 547–548; Hackman v. Beckwith, 245 Iowa 791, 64 N.W. 2d 275, 278; 2 Blashfield, Automobile Law and Practice, p. 569 (1965).