CARRIE HOPKINS, *et al.*

*v.*

VISTA GRUBB

(No. 13656)

Decided March 1, 1977.

*Lynch, Mann & Knapp, Norman Knapp and Jack A. Mann* for appellant.

*Grover C. Goode, C. Thomas Seay* for appellees.

CAPLAN, CHIEF JUSTICE:

On this appeal from a final order of the Circuit Court of McDowell County, the sole issue presented is whether, under the facts hereinafter narrated, the jury was clearly wrong in finding the defendant guilty of gross negligence. The plaintiffs instituted an action in that court, seeking recovery for personal injuries which plaintiff

Carrie Hopkins allegedly received as a guest passenger in the automobile of defendant Vista Grubb, the owner and driver thereof. The jury returned a verdict in favor of Carrie Hopkins in the amount of $20,000.00 and for her husband, Lawrence, in the sum of $5,000.00. Upon the refusal of the court to set aside the judgment entered upon said verdict, the defendant prosecuted this appeal.

On October 8, 1969 the defendant, Mrs. Grubb, a resident of McDowell County, had an appointment in Johnson City, Tennessee to have her eyes examined. Pursuant thereto she left her home at about 5:30 that morning and was accompanied by the plaintiff, Carrie Hopkins. Between 7:30 and 8 o'clock that morning, it still being sufficiently dark to use headlights, the Grubb automobile with Mrs. Grubb driving was travelling on a four-lane highway approaching Tazwell, Virginia when the subject accident occurred. It appears from the record that Mrs. Grubb had been following a truck for several miles when, as they approached Tazwell, she decided to pass the vehicle. As she turned to her left to pass the truck she heard a horn and attempted to turn to the right in order to get back behind the truck. Her testimony reflected this as follows: "He sounded like he was coming at a real fast rate of speed, so I thought I'd cut back behind the truck." As she turned to the right Mrs. Hopkins screamed and Mrs. Grubb obviously lost control of her vehicle so that it skidded or slid to the extent that it made a complete circle, crossed the two southbound lanes and the two northbound lanes of the highway and went down an embankment into the ditchline which was "practically rock." The defendant testified that before she had attempted to pass the truck she looked into her rear view mirror in the car but failed to see any vehicle approaching from the rear. Although she had an outside mirror on her vehicle she acknowledged that she did not look into that mirror. The evidence revealed that she was travelling between forty and forty-five miles per hour, that it was drizzling and that the roads were wet.

Upon being asked if she could see the road behind her in the mirror she testified that she could but she said "I couldn't see the other car and I've had that happen to me more times than one." She further testified "As I cut back behind the truck, Mrs. Hopkins screamed; and, of course, I got nervous and we went over in the berm and it was slick and I just lost control of the car." It is undisputed that Mrs. Hopkins suffered serious and permanent injuries in that accident.

This unfortunate incident, having occurred in the State of Virginia, the substantive law of that state will be applied. *Thornsbury, Admr. v. Thornsbury* 147 W. Va. 771, 131 S.E.2d 713 (1963); *Forney v. Morrison*, 144 W. Va. 722, 110 S.E.2d 840 (1959); *Tice v. E.I. duPont de Nemours & Co.*, 144 W. Va. 24, 106 S.E.2d 107 (1958). Although the law on liability to guest passengers was amended in Virginia in 1974, the Virginia statute at the time of this accident provided that before a guest passenger could recover from the driver of an automobile in which he was riding, it must be proved that the driver was guilty of gross negligence.

It is, of course, the position of the defendant that although she may have been guilty of ordinary negligence her actions as reflected by the record could not constitute gross negligence. Therefore, says the defendant, this finding should have been made by the trial court and the case should not have been submitted to a jury.

In support of her position the defendant cites *Ferguson v. Ferguson*, 212 Va. 86, 181 S.E.2d 648 (1971), wherein the Virginia Supreme Court said: "[G]ross negligence [is] that degree of negligence which shows such indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of the guest. It must be such a degree of negligence as would shock fairminded men although something less than willful recklessness." Several other Virginia cases are cited in support of this definition of gross negligence. The defendant says that the court should have

made the determination that she was not guilty of gross negligence and should have, therefore, directed a verdict. Having failed to do that it should now be held that the verdict of the jury was clearly wrong.

The plaintiffs agree with the defendant as to the issue in this case. They take the position, however, that under the evidence a jury question was presented; that the jury determined the issue; and that since there was evidence to support such verdict it should not now be disturbed. The plaintiffs cite 2B M. J. *Automobiles* § 44, wherein it is said: "In actions by a guest passenger in an automobile against his host, each case must depend upon its own peculiar facts ... and where the evidence is conflicting, or reasonable men can draw different conclusions therefrom, it is for the jury to decide questions of negligence so arising." Regarding gross negligence, it was said in *McDowell v. Dye*, 193 Va. 390, 69 S.E.2d 459 (1952) "Whether the conduct of a person operating an automobile amounts to gross negligence ... depends upon the facts and circumstances surrounding the operation. The element of time incident to the accident must be considered with the surrounding circumstances in determining whether the driver's conduct constitutes gross negligence. One degree of care sufficient under certain circumstances may amount to gross negligence under others. If reasonable men may differ upon the question, then a jury problem is presented." *See, Solterer v. Kiss*, 193 Va. 695, 70 S.E.2d 329 (1952).

The plaintiffs point out that Mrs. Grubb admitted that she had on several occasions looked into the rear view mirror and had failed to see a vehicle which was following her; that the defendant did not look into the outside mirror or otherwise make any other effort to determine whether or not a car was following close behind her before she began to pass the truck; and that such omissions showed some disregard for the safety of her passenger. Added to this, say the plaintiffs, are the facts that it was raining, the highway was wet and slippery, it was still dark enough to use headlights on her vehicles and her general actions at the time of the accident may

cause reasonable men to differ as to whether her negligence was gross or ordinary. All of these factors presented a proper question for jury consideration. It cannot successfully be disputed that a *prima facie* case of negligence was made against the defendant which warranted consideration by a jury. The jury was fully instructed as to the meaning of gross negligence and that under the law gross negligence on the part of the defendant must be proved before the plaintiff could recover; that proof must exist that such gross negligence proximately caused the injuries sustained by the plaintiff; and, that the plaintiffs' proof must be affirmative and must show more than a mere probability. Finally, a defendant's instruction which was given, plainly told the jury that it must find that the defendant was guilty of gross negligence, not mere ordinary negligence, before the plaintiff could recover.

In view of the evidence adduced at the trial and in consideration of the manner in which the jury was fully instructed in relation to gross negligence as it relates to this case, we cannot say that the jury was clearly wrong. Where a jury resolves a question of negligence and such finding is approved by the trial court, the verdict will not be disturbed on appeal on the ground that it is contrary to the evidence unless in that respect it is clearly wrong. *Yaeger v. Stevenson,* 155 W. Va. 16, 180 S.E.2d 214 (1971).

For the reasons stated herein the judgment of the Circuit Court of McDowell County is affirmed.

*Affirmed.*

NEELY, JUSTICE, *dissenting:*

I respectfully dissent to the majority's holding that the jury in this case were entitled to consider and resolve the question of defendant's gross negligence. The majority opinion properly states West Virginia's conflicts rule which requires us to look to Virginia for the substantive law controlling the right of recovery in this case. The majority opinion also states the applicable Vir-

ginia law correctly. That is, at the time of this accident a guest passenger-plaintiff was required to prove the host's gross negligence in order to recover damages from the host. Gross negligence in Virginia, as the majority opinion points out, is "that degree of negligence which shows such indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of the guest. It must be such a degree of negligence as would shock fairminded men although something less than willful recklessness." *Ferguson v. Ferguson*, 212 Va. 86, 181 S.E.2d 648 (1971).

Having come this far, the members of the majority do not accept the logical consequences of their analysis. The evidence in this case is clearly insufficient to present a jury question on the issue of defendant's gross negligence, if the cited Virginia standard is to be honestly observed. Accordingly, the defendant was entitled to proper motion to a directed verdict in his behalf, and I would have so held.

While the majority may have been motivated by sympathy for the seriously injured and disabled plaintiff, I cannot commend their failure to apply controlling Virginia law and I cannot concur in their judgment.