Rodney Dean O'BRIEN and Sharon L. O'Brien, Plaintiffs,

v.

TRI–STATE OIL TOOL INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 82–0022–P(H).

United States District Court, S.D. West Virginia, Parkersburg Division.

June 21, 1983.

**1120**

Daniel A. Ruley, Jr., Morris & Ruley, Parkersburg, W.Va., for plaintiffs.

Paul T. Theisen, Theisen, Brock, Frye, Erb & Leeper, Marietta, Ohio, and Gerald W. Townsend, Albright, Fluharty, Bradley & Townsend, Parkersburg, W.Va., for Tri-State Oil Tool Industries, Inc.

Diana Everett, Parkersburg, W.Va., for Dow Chemical Co.

W.T. Shaffer, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for Pool Co.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Plaintiff [1] is a West Virginia resident. In April, 1981, he was hired in West Virginia as an oil field "floor hand" by Pool Well Servicing Company (Pool) to work in Michigan. During the period relevant here Plaintiff was working on a well owned by Dow Chemical Company (Dow) pursuant to a contract between Pool and Dow. Plaintiff was injured when a casing fell from an apparatus called a "casing elevator" which, as its name implies, is used to lift the casings out of the well. The casing struck the Plaintiff on his shoulder and head resulting in injuries for which he now seeks compensation from Defendants. The set of casing elevators used were owned by Tri-State Oil Tool Industries, Inc. (Tri-State). The elevators were rented or leased from Tri-State by Dow. Dow, in turn, furnished the elevators to Pool for use at the well site. Plaintiff proceeds against Tri-State and Dow on strict liability, breach of an implied warranty and negligence theories. Plaintiff's action against his employer, Pool, is based on Plaintiff's contention that Pool's conduct constituted an intentional tort relieving Pool of its employer immunity under *W.Va. Code*, § 23–4–2. Plaintiff brought this action in the Southern District of West Virginia invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

1. Co-plaintiff, Sharon L. O'Brien joins in this action with the derivative claim of loss of consortium. The Court will use the singular "Plaintiff" throughout this opinion to refer to Rodney Dean O'Brien.

The following motions are pending before the Court: (1) Plaintiff's motion for certification to the West Virginia Supreme Court of Appeals of certain questions of law; (2) Pool's motion to dismiss Plaintiff's complaint; (3) Pool's motion to dismiss the cross claims for contribution of Tri-State and Dow; and (4) Tri-State's motion to add as a party plaintiff Employers Casualty Company.

## I. *Plaintiff's Motion for Certification*

Because this action involves Delaware, California and Texas corporations[2] and a West Virginia Plaintiff who was injured in Michigan, there is, of course, a conflicts of law issue to be resolved herein. While there may be a question as to what state's *substantive* law is applicable, it is clear that this Court must apply West Virginia's *choice of law* rules. *Klaxon Company v. Stentor Electric Manufacturing Company,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Miller v. Premier Corporation,* 608 F.2d 973 (4th Cir.1979). Plaintiff contends that the current state of the law makes it uncertain as to what choice of law rule West Virginia courts would follow and moves this Court to certify to the West Virginia Supreme Court of Appeals three questions concerning this conflicts of law issue. *See W.Va.Code,* § 51–1A–1.[3] Plaintiff phrases these questions as follows:

"1. Will West Virginia apply West Virginia Workmen's Compensation law or Michigan Worker's Compensation law to issues arising under [the facts of this case] in particular: (a) Will West Virginia recognize the right of Pool to assert as a defense, [under Michigan statute (M.C.L.A. § 418.-131; M.S.A. § 17.237(131))]; that

the right to recovery of benefits under the Michigan Worker's Compensation Act shall be the employee's exclusive remedy against the employer? (b) Will West Virginia recognize the right of Pool's insurer, Employers National Insurance Company [under Michigan statute M.C.-L.A. § 418.827(5); M.S.A. § 17.-237(827)(5)] of subrogation to O'Brien's right of recovery against third parties such as Tri-State and Dow to the extent of the Worker's Compensation benefits which it pays under Michigan law?

2. Will West Virginia apply the law of West Virginia or the law of Michigan to the issues respecting tort liability, if any, of the Defendants?"

The Court perceives that the three questions raised by Plaintiff present what is essentially one question—which state's law controls this action, but the question is posited in the separate context of worker's compensation law and tort liability. Whether the Court should certify these questions is another issue to which the Court will turn presently.

A. *Tort Liability.* The West Virginia Supreme Court of Appeals had occasion in *Abrams v. West Virginia Racing Commission,* 263 S.E.2d 103 (W.Va.1980) to speak to the purpose of West Virginia's certification statute. The Court stated that "the basic usefulness of the certification statute was 'to resolve *ambiguities or unanswered questions'* about our State law . . . ." (emphasis added). *Id.* at 105–106, *quoting Morningstar v. Black & Decker Mfg. Co.,* 253 S.E.2d 666, 669 (W.Va.1979). That the

---

**2.** Dow, Tri-State and Pool are incorporated under the laws of Delaware, California and Texas, respectively.

**3.** *W.Va.Code,* § 51–1A–1 provides:

"The supreme court of appeals of West Virginia may answer questions of law certified to it by the Supreme Court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court that there are

involved in any proceeding before it questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of appeals of this State."

The following sections of Article 1A detail the procedures to be followed in certifying a question to the West Virginia Supreme Court of Appeals. *See* Sections 1–12.

West Virginia Supreme Court considers some ambiguity of state law to be a prerequisite for proper invocation of the certification statute was plainly stated in the Court's opinion in *Morningstar:*

"It is rather apparent that where our State's substantive law is clear, there is no need to obtain certification under West Virginia Code, 51–1A–1, *et seq.* The language of this provision makes this manifest, since the certification is limited to those questions "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there was no controlling precedent in the decisions of the Supreme Court of Appeals of this State. *W.Va.Code,* § 51–1A–1."

253 S.E.2d at 669.[4]

■ This action lacks the ambiguity of controlling law necessary to require certification. The traditional conflict of law principle in West Virginia governing personal injury actions has been *lex loci delicti.* Accordingly, West Virginia courts have applied the substantive law of the state in which the injury occurred. *Hopkins v. Grubb,* 230 S.E.2d 470 (W.Va.1977); *In Re Silver Bridge Disaster Litigation,* 381 F.Supp. 931 (S.D.W.Va.1974); *Chase v. Greyhound Lines, Inc.,* 156 W.Va. 444, 195 S.E.2d 810 (W.Va.1973); *Lambert v. The Great Atlantic and Pacific Tea Company,* 155 W.Va. 397, 184 S.E.2d 118 (1971); *Ed-*

*wards v. Lynch,* 154 W.Va. 388, 175 S.E.2d 632 (1970); *Thornsbury v. Thornsbury,* 147 W.Va. 771, 131 S.E.2d 713 (1963); *Forney v. Morrison,* 144 W.Va. 722, 110 S.E.2d 840 (1959); *Tice v. E.I. duPont de Nemours & Company,* 144 W.Va. 24, 106 S.E.2d 107 (1958); *Dodrill v. Young,* 143 W.Va. 429, 102 S.E.2d 724 (1958); *Saena v. Zenith Optical Company,* 135 W.Va. 795, 65 S.E.2d 205 (1951); *Dallas v. Whitney,* 118 W.Va. 106, 188 S.E. 766 (1936); *White v. Hall,* 118 W.Va. 85, 188 S.E. 768 (1936); *Schade v. Smith,* 117 W.Va. 703, 188 S.E. 114 (1936); *Wood v. Shrewsbury,* 117 W.Va. 569, 186 S.E. 294 (1936); *Clise v. Prunty,* 108 W.Va. 635, 152 S.E. 201 (1930); *Owen v. Power Company,* 78 W.Va. 596, 89 S.E. 262 (1916).

■ These cases reflect a consistent and unswerving application of *lex loci* by West Virginia courts. The opinions in the above cited cases do not contain even a suggestion of dissatisfaction with or criticism of this venerable conflicts rule. These cases commend but one conclusion—*lex loci delicti* has been, and continues to be, the controlling conflicts of law doctrine in West Virginia.

■ In unequivocal language, the West Virginia Supreme Court has construed *W.Va.Code,* § 51–1A–1 to require some "unanswered question or ambiguity" in West Virginia law for certification of a question of law to be necessary.[5] This Court, being satisfied that the conflict of

---

**4.** There is no question that the first of the two requirements for certification under 51–1A–1 is met here. The choice of law question *is* determinative of important issues in this litigation inasmuch as if West Virginia's substantive law applies the Plaintiff may obtain a recovery against his employer upon a finding by the jury that Pool was guilty of willful, wanton and reckless conduct. *Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d 907 (W.Va.1978). Michigan law, however, provides that Workmen's Compensation benefits constitute an employee's exclusive remedy and does not recognize a *Mandolidis* type action against the employer. *See* Mich.Comp. Laws Ann. § 418.131 (providing that Workmen's Compensation benefits "shall be the employee's exclusive remedy against the employer.")

**5.** This statement in the text is made notwithstanding Justice Neely's gracious and deferen-

tial dissent in *Abrams.* Justice Neely's concise opinion reads:

"I dissent on the grounds that when a Federal Court asks a question, it is only polite to give an answer. I am not an expert in Federal law and am unable to anticipate the thought processes of Federal judges who are. Accordingly, I am quite pleased to give the Federal courts such information as they, in their discretion, deem necessary for the full resolution of any dispute. Since the Federal courts are entrusted with the administration of a body of law superior, by virtue of the supremacy clause, to State law in all its ramifications, I consider that the Federal Court does this Court an honor to consult us in these matters and I would accord them the courtesy of a reply."

263 S.E.2d at 108.

law question sought to be certified by Plaintiff does not raise an unanswered or currently unsettled question, hereby denies Plaintiff's motion to certify question number 2 above. The Court holds, in consonance with the long line of cases on point, that the laws of Michigan establish the parties' tort liability in this action.[6]

B. *Workers' Compensation.* Plaintiff has not referred the Court to any case which would indicate that West Virginia would follow a conflict of law principle different from *lex loci* in workers' compensation cases. While recognizing that a separate conflicts doctrine may be employed in workers' compensation cases,[7] the Court perceives no reason, under the facts of this case, to apply a special conflicts rule here. In reaching this conclusion the Court finds it significant that this is not a case where the Plaintiff is attempting to establish his right to worker's compensation benefits.[8] Rather, Plaintiff is prosecuting a suit for damages under common law theories. Thus, this suit is more similar to the tort cases wherein West Virginia courts have consistently applied the *lex loci* rule than it is to an action seeking compensation benefits. Moreover, applying Michigan's strict exclusive-remedy statute in this case is in line with the conflicts principles employed by a majority of the states in compensation cases. "If a common-law action against the employer is available in the state of the forum but barred by the exclusive-remedy statute of a state granting a compensation remedy for the injury, the state of the forum will usually enforce the bar on grounds of comity or policy, although it is not bound to do so by the Full Faith and Credit Clause." A. Larson, Workmen's Compensation, Section 88, pp. 16–31. For these reasons, the Court concludes that *lex loci* applies with equal force to the tort and worker's compensation aspects of this case and denies Plaintiff's motion to certify questions numbered 1(a) and 1(b) above.

II. *Pool's Motions to Dismiss*

Each of the issues raised by Pool's motions to dismiss have been recently and dispositively addressed in *McPike v. Die Casters Equipment Corporation,* 504 F.Supp. 1056 (W.D.Mich.1980). Accordingly, this Court will discuss these motions only briefly.

A. *Motion to Dismiss Plaintiff's Complaint.* Under Michigan workmen's compensation law an employee's remedy against an employer lies exclusively under that state's Worker's Disability Compensation Act. Mich.Comp.Laws Ann., § 418.131.

---

6. The Court is unpersuaded by Plaintiff's argument that other states' reconsideration of the previously strictly adhered to *lex loci* doctrine creates uncertainty as to the continued viability of this conflicts rule in this State. As the Court's discussion in the text indicates, West Virginia courts have consistently and repeatedly employed *lex loci* in settling conflicts of law issues. To hold here that it is now an open question whether West Virginia's highest court would reject that rule of law in favor of another would be a dangerous precedent. Such a ruling would expose innumerable well-established legal principles of this state to needless scrutiny under the certification statute.

Of course, there is always the *possibility* that should the West Virginia Supreme Court review a challenge to the continued viability of *lex loci* the Court may reject or modify that doctrine. However, this Court will not subject the parties to this suit to the expense and delay which would necessarily result from the certification process upon mere speculation as to future developments in this State's jurisprudence.

7. In his treatise on workmen's compensation law, Professor Larson writes in the introduction to the Conflicts of Laws chapter:

"The conflict of law rules applicable to workmen's compensation have developed not as a mechanical extension of general conflicts principles, but as a special adaptation of these principles, recognizing such distinctive features of the compensation problem as a possible simultaneous social interest of several states in a single compensation claim, the marked difference in generosity of benefits between statutes which might be applicable, and the characteristic disadvantage of injured workmen in making an informed election between such statutes."

A. Larson, Workmen's Compensation, Section 84, p. 16–1.

8. Following his injury Plaintiff applied for and received Michigan Worker's Compensation benefits.

Unlike West Virginia, Michigan does not recognize a common law action by an injured employee for injuries resulting from the willful, wanton or reckless conduct of the employer. *See McPike,* at 1060, *citing Solakis v. Roberts,* 395 Mich. 13, 233 N.W.2d 1 (1975), *affirming,* 54 Mich.App. 370, 221 N.W.2d 214 (1974); *cf., Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d 907 (W.Va.1978). It is obvious, then, that the Plaintiff has failed to state a cause of action against his employer, Pool. Accordingly, Pool's motion to dismiss is hereby granted.

■ B. *Pool's Motion to Dismiss the Cross Claims for Contribution of Tri-State and Dow.* In *McPike* at 1060, the court noted that in *Venters v. Michigan Gas Utilities Company,* 493 F.Supp. 345 (W.D.Mich. 1980) the court ruled that a third party could *not* assert a claim for contribution against an injured Plaintiff's employer. The Court in *Venters* held that "this would violate the exclusive remedy provision of Section 131. Under the worker's compensation law, an employer has no common liability, and is not a joint tortfeasor with the defendant." 493 F.Supp. at 348. There being no right of a co-defendant to obtain contribution from an employer under Michigan law, Tri-State's and Dow's claims for contribution against Pool are hereby dismissed.

### III. *Tri-State's Motion to Add a Party Plaintiff*

■ Pursuant to Federal Rule of Civil Procedure 19(a)[9], Tri-State moves this Court to add as a party plaintiff Pool's worker's compensation insurance carrier, Employers Casualty Company (Employers). In support of this motion Tri-State contends that Employers has a subrogation interest in any recovery by Plaintiff against a third party. Tri-State argues that because Employers is asserting its lien in this action, Tri-State may incur multiple or inconsistent

obligations if Employers is not added as a party plaintiff.

Tri-State has correctly stated Michigan's law concerning an insurance carrier's subrogation rights. Michigan Comp. Laws Ann. Section 418.827(5) provides, in pertinent part:

"Any recovery against the third-party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representatives and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits."

However, the Court cannot agree that Employers' assertion of this statutory subrogation interest exposes Tri-State to multiple or inconsistent obligations. Having been notified of Employers' subrogation interest by a letter dated March 23, 1983, from Pool's counsel, all parties to this action have been made aware of Employers' interest in any future recovery by Plaintiff and, easily can make provisions for the satisfaction of such judgment so as to avoid multiple obligations. In this regard, the Court will entertain a motion requesting that if the Plaintiff obtains a verdict, the judgment order require the parties to satisfy the judgment in a fashion consistent with Employers' lien interest under Section 418.827(5) and the Defendants' respective liabilities as determined by the jury. It appears to the Court that this procedure would provide the parties with the protection *Rule* 19(a) is designed to afford while avoiding the problems which would result if another party were added to the case at this late stage in the litigation.

**9.** *Rule* 19(a) provides, in relevant part that: "[a] person shall be joined as a party in an action if ... he claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

### IV. *Summary*

For the reasons discussed above, the Court hereby ORDERS as follows:

1. Plaintiff's motion to certify to the West Virginia Supreme Court of Appeals questions of law is denied;

2. Pool's motion to dismiss Plaintiff's complaint is granted;

3. Pool's motion to dismiss the cross-claims of Dow and Tri-State for contribution is granted; and

4. Tri-State's motion to add a party Plaintiff is denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.